# FELIX BEAUCHAMP *et al.*

*v.*

# REUBEN PUTNAM.

1. CHANCERY—*practice*—*cross-bills.* The filing of a cross-bill is a matter of right and requires no leave, but it does not necessarily stay the original cause. For this purpose a special application is necessary, which will usually be granted when made at the proper time, or when the furtherance of justice requires such a bill to be filed.

2. SAME. A defendant desiring to file a cross-bill should do so without delay, and have the same at issue, if practicable, so as to be heard with the original bill. If he desire any further time, he must seek it as a matter of indulgence.

3. SAME. The court is not required, at the hearing of an original cause, to order the defendants in a cross-bill to plead, answer or demur instanter. It may give time for answering, and postpone the hearing until the answer comes in, or it may give time and proceed with the hearing.

4. JURISDICTION IN CHANCERY — *defense at law.* Where the obligor in a bond, against whom suit has been brought, files a bill for an injunction against its further prosecution, upon grounds which would be available as a defense at law, the injunction should not be granted.

5. SAME — *what constitutes a defense at law.* So, where a party executed a bond in a given penalty, conditioned for the conveyance of a tract of land by the obligor, within a stipulated time, and pending an action upon the bond in the name of the obligee for the use of his assignee, to recover damages for the non-fulfillment of the condition, the obligor caused a deed to be made to such assignee which vested in him a perfect title to the premises, and which he accepted, subject to, but not waiving, any claim which he might have by reason of not receiving the title at the proper time. *Held*, that the title becoming vested in the assignee for whose use the suit was brought, its acceptance was either an absolute bar of the action at law, or a bar *pro tanto* in mitigation of damages, and the defense arising therefrom could be made entirely available by appropriate pleas in that action; and there could be no reason for invoking the aid of a court of chancery to enjoin the proceedings at law.

WRIT OF ERROR to the Circuit Court of Kankakee county; Hon. CHARLES R. STARR, Judge, presiding.

This was a bill in chancery, filed at the September term, 1863, of the Circuit Court of Kankakee county, to enjoin the further prosecution of a suit on the common law side of the court. The court granted a perpetual injunction, and

the defendants sued out a writ of error. The facts appear in the opinion.

Mr. C. A. LAKE for the plaintiff in error.

Mr. THOMAS P. BONFIELD for the defendant in error, submitted the following points and authorities:

Applications for leave to file a cross-bill, when a cause is upon hearing, is discretionary with the court, and the court had the discretionary power of refusing it. *Wiley* v. *Platter*, 17 Ill. 540, and cases therein named; 2 Paige, 164; 4 Johns. 327; 7 id. 252; 3 Lam. 461.

The evidence the plaintiff in error offered in relation to damages, was immaterial, as they could not obtain affirmative relief under their answer. 3 Scam. 461; 2 Gil. 649.

But the bill and answer show that Putnam was not in fault in not completing the title within a year, and the plaintiffs in such case are estopped from introducing evidence of damages, when they admit a state of facts showing that they were themselves in fault upon that question. The bill and answer show that Beauchamp hired a lawyer and undertook to prosecute the application for the sale of the property, and that through their want of diligence an order for such sale was not obtained in time to comply with the bond.

If Putnam was in fault for not completing the title in a year, yet, as Beauchamp afterwards took the deed and accepted the performance, which they admit to be a good performance, excepting as to time, they have waived time, and it is a discharge of the bond. Beauchamp, if in no fault, was not bound to accept the deed after the time agreed upon, but if he did accept, he waived a non-compliance in time. The sole defense and claim made by plaintiffs in their answer, is for such damages for non-conveyance in time, which certainly has no authorities to support it.

The measure of damages for the non-conveyance within the time limited between parties, is the value of the property at the time when it was to be conveyed. 1 Scam. 313; 2 id. 344.

Beauchamp et al. *v.* Putnam.

Moreover, plaintiffs did not take any exception to the refusal of the court in not granting leave to file cross-bill.

III. The plaintiffs in error offered evidence to sustain their claim of damages, but made no exception to the rejection of the evidence at the time. When the court rejected the evidence, the plaintiff should have excepted. 11 Ill. 73 ; id. 586 ; 13 id. 85 ; 4 Scam. 419 ; 1 id. 165 ; 3 Gil. 366 ; 5 id. 209 ; 13 Ill. 341 ; 1 Scam. 252 ; 3 id. 61.

The bill of exceptions in this case was the following, viz. :

" To all of which holdings, rulings and decidings the defendants except, and pray that this bill," &c. The decree had then been made by the court, when these exceptions were taken, and this bill was filed four days after the hearing and decree. The case in 11 Ill. clearly rules such exceptions to be bad.

For these reasons, we think none of the plaintiffs' points and errors assigned are good.

Mr. Justice Beckwith delivered the opinion of the Court :

This is a suit in equity, to restrain the prosecution of a suit at law in favor of Antoine Lottenville against the appellee upon a bond executed by him, dated April 9, 1861, in the penal sum of $2,000, conditioned that he should, by deed, with the usual covenants, convey to Lottenville, the obligee, or his assigns, a tract of land in Kankakee county, within one year from that time. The bill alleges that Lottenville had, by deed, conveyed all his interest in the premises to Beauchamp, who, soon after the execution of the bond, entered into, and still remains in, possession of the premises. The condition of the bond not having been performed, a suit at law was brought upon it, for the use of Beauchamp, to recover damages ; but before any trial was had, the appellee caused a deed to be executed and delivered to Beauchamp, which was sufficient to vest in him a perfect title to the premises. He received the deed, subject to, but not waiving, any claim which he might have by reason of not receiving the title at the proper time. Thereupon the appellee filed the present bill, setting forth the execution and delivery of the deed last named, and a great number of excuses for not

having caused the deed to be made before that time, and prayed that the suit at law might be enjoined.

An answer was filed, admitting the execution and delivery of the deed last named, and denying the truthfulness and validity of the excuses alleged for not causing it to be made at the proper time; and claiming damages for the delay. To the answer, a replication was filed. At the hearing, the defendant asked leave to file a cross-bill, recapitulating his view of the controversy, and praying for damages sustained by the delay in the non-delivery of the deed; which was refused. The filing of a cross-bill is a matter of right, and requires no leave; but it does not necessarily stay the hearing of the original cause. If the complainant in the cross-bill desires a stay of proceedings, he should make an application for that purpose. Such applications are usually granted when made at the proper time, or where the furtherance of justice requires such a bill to be filed. A defendant desiring to file a cross-bill should do so without delay, and have the same at issue, if practicable, so as to be heard with the original bill. If he desires any further time, he must seek it as a matter of indulgence. The court is not required, at the hearing of an original cause, to order the defendants to a cross-bill to plead, answer or demur *instanter*. It may give time for answering, and postpone the hearing until the answer comes in; or it may give time, and proceed with the hearing. The complainant in the cross-cause must have it ready to be heard when the original cause comes on for a hearing, or procure a stay of proceedings, if he desires that the two causes shall be heard together.

But we are unable to perceive any occasion for filing the original bill. The title to the premises had become vested in Beauchamp the assignee of Lottenville, for whose use the suit was brought, and the acceptance of the title was either an absolute bar of the action at law, or a bar *pro tanto* in mitigation of damages. By appropriate pleas the appellee could have set forth the facts and obtained all the relief which a court of equity could give him. His excuses for the delay in not causing the deed to be made, if valid, were all proper to

be considered as matters of defense. In short, he had as complete and ample opportunity to assert his defense in the action at law, as could be given him to assert his rights in a court of equity. The same facts which would entitle him to relief in equity could have been used as a defense in the suit at law and to the same extent; and we are unable to perceive any reason for the exercise of equitable jurisdiction.

The decree of the court below will, therefore, be reversed, and the bill dismissed.

*Decree reversed.*