## Ellis Davis

### *v.*

## The American and Foreign Christian Union *et al.*

*Filed at Springfield September 30, 1881.*

1.   CROSS-BILL—*whether germane to the original bill.*   On bill against the parties foreclosing a mortgage and the purchaser at the sale, to compel a transfer of the certificate of purchase to the complainants, the heirs of the mortgagor, on the ground that the payee of the notes was insane when he assigned the same, a cross-bill by the purchaser against the complainants, seeking to have a deed made to him on the same certificate, is not improper, as presenting new and distinct matter from that in the original bill.

2.   SAME—*time in which it may be filed.*   The filing of a cross-bill is a matter of right, and it may be filed at any time before the hearing, so that it does not delay the hearing on the original bill.   When not filed in time, the court is under no obligation to stay a hearing until the cross-bill is at issue and ready for trial.

3.   SAME—*on change of venue.*   Where a defendant has a right to file a cross-bill in a suit in equity, he may exercise it after a change of venue has been had in the original suit.   The change of venue will not change his rights.

4.   CHANCERY PRACTICE—*preserving the facts found, in decree.*   It is sufficient to uphold a decree that the facts as found by the court from the evidence are recited in the decree, and such finding must be taken as true when the evidence has not been preserved in the record.

5.   MASTER'S DEED—*demand—limitation.*   The demand of a deed upon a certificate of purchase issued upon a judicial sale, in proper time, and the

refusal of the master or officer, wrongfully, to make the same, will defeat the bar of the statute, which otherwise would make the sale void in five years after the expiration of the time of redemption.

6.  PRACTICE—*variance from summons—when objection must be taken.* The neglect to make the objection of a variance between a cross-bill and the summons issued thereon, in the court below, is a waiver of the objection. Such an objection can not be made in the appellate court for the first time.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. E. S. TERRY, for the plaintiff in error:

The object of a cross-bill is to obtain affirmative relief.   It is an adjunct to the original bill, and must be confined to the subject matter thereof.   *Fleece* v. *Russell,* 13 Ill. 31; *Thompson* v. *Shoemaker,* 68 id. 256; *Kennedy* v. *Kennedy,* 66 id. 190; 2 Daniell's Ch. Pr. 1649; Story's Eq. Pl. sec. 401.

A cross-bill should be filed with as little delay as possible. The proper time to do so is at the putting in of the answer. *Irving* v. *DeKay,* 10 Paige, 319; *Beauchamp* v. *Putnam,* 34 Ill. 378.

When no time is fixed for executing and delivering a deed, a demand is necessary, and such demand must be averred specially.   *Baker* v. *Whiteside,* Breese, 175.

The land being in a different county, the cross-bill conferred no jurisdiction, either of the subject matter or of the person of Davis.

Messrs. HENRY, COOK & LORD, for the defendants in error:

The plaintiff in error, as shown by the decree, was duly served with process and failed to appear, and the court had jurisdiction of the persons of the defendants.   This is sufficient to confer jurisdiction, in the absence of anything in the record to contradict it.   *Mulvey* v. *Gibbons et al.* 87 Ill. 380; *Reddick et al.* v. *Pres. etc. State Bank,* 27 id. 147; *Miller* v. *Handy,* 40 id. 449.

It is objected that the cross-bill must be germane to the original bill.   The rule, as settled by this court, is, that

"the cross-bill must be connected with the subject matter of the original suit," and it is so connected in this case. *Jones* v. *Smith*, 14 Ill. 229; *Robins* v. *Swain*, 68 id. 201; *Hurd* v. *Case*, 32 id. 49.

It is not essential, nor is it usual, that all the facts which go to show that the appellant is entitled to the relief sought should appear in the original bill. *Robins* v. *Swain*, 68 Ill. 201.

We insist that the objection should have been made in the court below, and it can not be made for the first time in this court.

It is next objected that plaintiff in error was sued in the wrong county. The rule is general that all objections to the writ or to the jurisdiction of the person must be urged in apt time, and in the circuit court. *Allen* v. *Watt*, 69 Ill. 656.

The objection that the cross-bill was not filed in apt time is not well taken. The right to permit the cross-bill to be filed was one within the discretion of the court, and can not be assigned for error. See *Beauchamp* v. *Putnam*, 34 Ill. 378.

The decree finds that a deed was demanded from the master within the five years, and this is sufficient. The objection that a party has another remedy, comes too late after decree. It can not be taken for the first time in this court. *Stout* v. *Cook*, 41 Ill. 447; *Ohling* v. *Luitjens*, 32 id. 28; *Kimball* v. *Walker*, 30 id. 503.

Mr. Chief Justice Craig delivered the opinion of the Court:

Stephen Griffith, in his lifetime, was seized of the lands involved in this litigation, which he sold and conveyed to Ellis Davis and Verney A. Pierce, and they, in payment for the same, executed and delivered to Griffith their five promissory notes for the sum of $5600, and to secure the payment thereof they gave a mortgage on the premises. Afterwards, Pierce conveyed his interest in the lands to Davis. It also appears that Griffith sold and transferred one of the notes,

for $1000, to the American and Foreign Christian Union, and another note of $1000 he assigned to the Church Extension Society, and to the trustees of the Methodist Episcopal Church he transferred another of the notes, for $1700. It further appears that the assignees of the notes filed their bill in the circuit court of Vermilion county to foreclose the mortgage; that a decree of foreclosure was rendered, and the premises sold on the 8th day of June, 1872, in satisfaction of the decree, and purchased by the complainants in the bill. It also appears that Davis failed to redeem the premises within the time provided by law, and that the complainants in the bill of foreclosure were entitled to a deed. It also appears that Griffith died in the year 1873. After his death his heirs and legal representatives brought this bill against the purchasers of the notes and mortgage, who had foreclosed the mortgage and held the certificate of purchase, to compel a transfer of the certificate to them, on the alleged ground that Griffith was insane at the time he transferred the notes; that the several societies which purchased the notes were bodies corporate organized under the laws of other States, and were incompetent, under the laws of this State, to acquire and hold title to lands here. The bill prayed that the certificate of purchase be assigned to complainants, and that the master in chancery be required to execute a deed thereon to them.

The defendants answered the bill, and also filed a cross-bill, in which Ellis Davis was made a party defendant, and required to answer under oath. In the cross-bill it was asked, that on a final hearing a decree be entered dismissing the original bill, and that the master be directed to execute a deed on the certificate of purchase. The original bill seems to have been abandoned by the complainants therein, and Davis, who was made a defendant to the cross-bill, failing to appear, a default was taken as to him, and a decree rendered as prayed for in the cross-bill.

It is first urged that the cross-bill is not germane to the subject matter of the original bill, and hence can not be maintained. It is said by Story, section 401, that "a cross-bill should not introduce new and distinct matters not embraced in the original suit, for as to such matters it is an original bill, and they can not properly be examined at the hearing of the first suit." The rule laid down in the text is no doubt the correct one, but it by no means condemns the cross-bill in this case. Upon an examination of the original bill, it will be found that the title to the land and the foreclosure proceedings set up in the cross-bill were involved in the original bill. As was said in *Robins* v. *Swain*, 68 Ill. 198, the matters alleged in the cross-bill are sufficiently connected with the matters alleged in the original bill to authorize relief in this way. In the original bill the complainants therein sought to obtain an assignment of the certificate of purchase, which was issued on a sale of the lands under the foreclosure proceedings, and a deed on such certificate, and the cross-bill seeks to obtain, and did obtain, a deed to the lands under the same certificate of purchase. It will thus be seen that new and distinct matter was not introduced by the cross-bill, but the cross-bill was confined to the subject matter of the original bill.

It is also urged that plaintiff in error was sued in the wrong county,—that as he resided in Vermilion county, and the lands were situated there, the process issued in McLean county could not confer jurisdiction of the person or subject matter. The original bill was filed in Vermilion county, and the venue changed to McLean. While the cause was pending in Vermilion county the defendants in the bill had the right to file a cross-bill and bring Davis into court as a defendant. This is not disputed. If that right existed before the venue of the cause was changed, it likewise existed after the venue was changed to another county. The mere fact that the venue was changed, in no manner changed the rights of the parties.

It is next urged that the decree is erroneous because of a variance between the cross-bill and the summons issued thereon. Had the plaintiff in error appeared in the circuit court and interposed the objection here made, the question might have been raised here; but a failure to appear and make the objection in the circuit court must be regarded as a waiver of it. At all events, such an objection can not be raised for the first time on error in this court.

It is next urged that the cross-bill was not filed in apt time. The filing of a cross-bill is a matter of right,—*Beauchamp* v. *Putnam*, 34 Ill. 378,—and there was no such delay in this case as would cut off or bar that right. Where a cross-bill is not filed in time, the court is under no obligation to stay a hearing on the original bill until the cross-bill may be at issue and ready for trial; but here the original hearing was in no manner delayed by the filing of the cross-bill, and although some years had elapsed after the filing of the original bill before a cross-bill was filed, yet we are of opinion that the cross-bill was interposed in proper time.

Some other objections of a technical character have been urged to reverse the decree, but we do not think they are well taken.

The testimony upon which the decree is based is not incorporated in the record, but the facts recited in the decree as found by the court, which must be taken as true, where the evidence has not been preserved, are ample to rest the decree upon. The plaintiff in error does not pretend that he paid the notes and mortgage which were given for the purchase price of the premises, or that he redeemed or attempted to redeem from the sale under the foreclosure. His ground of reversal is based entirely upon technicalities which are without merit. It is true that section 30, chapter 77, page 625, provides that a certificate of purchase shall be void where a deed has not been made under it within five years from the expiration of the time of redemption, but from the allegations of

the cross-bill, which are found to be true by the recital of facts found in the decree, it sufficiently appears that a deed was demanded from the master in chancery within five years, and wrongfully withheld. This was sufficient to defeat the bar of the statute.

The decree will be affirmed.

*Decree affirmed.*