# JOHN H. S. QUICK *et al.*

*v.*

# JOHN R. LEMON.

*Filed at Ottawa November 20, 1882—Rehearing denied March Term, 1883.*

1. CROSS-BILL—*of the right to file a cross-bill.* Where a defendant in a suit in chancery has equities arising out of the subject matter of the original bill which entitle him to affirmative relief, he may, as matter of right, present such equities by way of cross-bill, and it will be error to refuse to permit the cross-bill to be filed.

2. SUBSCRIPTION TO STOCK—*promise to subscribe, and refusal—right of action.* Where a person enters into a valid contract with a corporation, by which he agrees to subscribe for a certain number of shares of stock in the company, upon his failure and refusal to comply with that contract, without fault on the part of the corporation, the latter will have a right of action to recover such damages for the breach of the contract as it may have sustained.

3. ACTION—CROSS-DEMANDS—*of a cross-demand as an independent cause of action.* Although a defendant in a suit at law may have a counter-claim which he could properly plead as a set-off in the action, he is not bound to do so, but may bring his separate action for the recovery of his demand.

4. SET-OFF—IN EQUITY—*cross legal demands—non-residence as a ground of equity jurisdiction.* A creditor of a corporation recovered a judgment at law against the corporation, upon which an execution was issued, and returned *nulla bona.* Thereupon the judgment creditor exhibited a creditor's bill against several persons as stockholders in the corporation, for the purpose of recovering their unpaid subscriptions in satisfaction of his debt. The corporation was also made a party. At the time of the bringing of the suit in which the judgment was rendered, the corporation held a claim for damages against the plaintiff in that action, growing out of the same transaction as that involved in the suit at law, and of such character that it could have been interposed as a set-off in that suit,—but that was not done. The corporation, however, asked leave to file a cross-bill in the suit in chancery, by which it sought to set off its claim as against the judgment held by the complainant in the original bill, who was alleged to be a non-resident of the State. The trial court refused to permit the cross-bill to be filed. This was held to be error. Although the claim of the corporation was a legal demand, and capable of being set off in the suit at law, the corporation was not bound to set it up as a defence in that suit. The judgment creditor having invoked the aid of a court of equity to enforce the collection of his

judgment, this claim of the corporation became a proper subject of set-off in that suit if there was equitable ground for such relief. The fact of the non-residence of the complainant in the creditor's bill afforded such equitable ground.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

This was a creditor's bill, brought by John R. Lemon, in the Superior Court of Cook county, against John H. S. Quick and John T. Temple, stockholders of the Prudential Life Association, to reach unpaid subscriptions to the capital stock of the corporation, to satisfy a judgment which the complainant had recovered against the corporation. On the hearing the Superior Court found that the appellee (complainant in the bill) had recovered a judgment against the Prudential Life Association, a corporation organized under the laws of the State; that an execution had been issued on the judgment, and returned *nulla bona;* that John H. S. Quick and John T. Temple each owed to the capital stock of the corporation more than the amount of the judgment. Upon these findings a decree was rendered against the stockholders for the amount of complainant's judgment. This decree, on appeal, was affirmed in the Appellate Court.

The Prudential Life Insurance Association was made a co-defendant with appellants, and filed a separate answer, in which it denied the recovery of a valid judgment. It also set up that complainant in the bill agreed to take fifty shares of the capital stock of the company, upon which it avers he paid $1000, leaving $4000 yet to be paid by him, which amount the corporation offered to set off against the judgment. It also appears that the corporation presented a cross-bill, in which it is alleged that on or about April, 1874, and prior thereto, persons interested in organizing and starting the company, desiring to procure subscriptions to the capital

stock thereof to enable it to commence business under the laws of Illinois, amounting to $100,000, and having procured subscriptions of $40,000 or thereabouts, the said Lemon represented and caused to be represented to them, and the then directors of this association, that he could influence and obtain persons of his acquaintance to contribute the balance of capital stock of $100,000, and agreed, in case of his election as secretary of said association, he would contribute thereto fifty shares, to wit, $5000, and procure the subscriptions for the balance of said stock by responsible parties of means; that about the same time, Gerrit L. Hoodless, who was then secretary and a director of this association, and a subscriber for forty shares of stock, offered to resign as secretary and director in case his subscription should be first cancelled, and he be paid certain moneys contributed, paid and advanced by him to promote and aid said organization; that thereupon, on the representations aforesaid of said Lemon, that in case of his election as secretary he would procure said stock to be subscribed for, as aforesaid, the resignation of said Hoodless was accepted by the directors of this association, and his subscription to stock cancelled; that said Lemon was elected secretary in place of said Hoodless, and in consideration thereof said Lemon agreed with the directors acting for the association, that he would contribute and pay into the capital stock of this association the amount of fifty shares of such stock, to-wit, $5000, and in pursuance of said agreement paid to said Hoodless ―――― dollars, and also paid some other amounts, in all about $1000, to promote said organization, as contributions to and payments on account of said fifty shares of stock agreed, as aforesaid, to be contributed; that said Lemon never paid any other sum on account of said fifty shares by him agreed to be paid for, and that on account thereof he still owes the association $4000 or thereabouts, and more than the whole amount by him claimed on his said judgment, or otherwise; and the associa-

tion (complainant here) offers and asks to set-off against said pretended judgment the said amount so agreed to be contributed by Lemon on the stock to the extent necessary to discharge the same, if he is entitled thereto.

The cross-bill further shows that Lemon did not obtain or procure subscriptions to stock as he promised and agreed, or any such subscriptions, but wholly failed so to do, and after remaining as secretary and director with the company till about July 2, 1874, he voluntarily abandoned the company and returned to Iowa, where he has remained ever since, and that in consequence of his breach of his agreements and representations aforesaid, and his failure to procure said subscriptions to stock, and his abandonment of said association, the association and its other promoters and members have been unable to obtain said subscriptions necessary to start business, beyond the $40,000 subscribed, as aforesaid, and has not organized as designed, or commenced the business of insurance.

The cross-bill also alleges Lemon is a non-resident, and out of the jurisdiction of this court, since he left the State, in July, 1874, and that the claim which he pretends to have put in judgment is for moneys and salary claimed to be earned and paid to promote the formation and organization of said association, and rendered and contributed as a promoter of the same to the capital stock thereof as risks and ventures on its success, for which the said Lemon could not become a creditor thereof, trusting its credit and responsibility, but at most only could occupy the place of a subscriber or contributor to the stock of said association, and could claim only a share in the distribution of its assets on dissolution thereof after its debts were paid, and that all moneys contributed or advanced by him have been paid and spent while he was a member, secretary and director of said association, and that the said association has no assets or

property from which the said Lemon can recover, or claim to receive the amount of his said judgment.

Reference is made to the answer of the association for a full statement, and prays that the same may be made, so far as applicable, as a part of this cross-bill, and states the hope that Lemon would not attempt to enforce judgment on said association, or its promoters or members, and would cancel the same. The cross-bill prays an answer, and that the pretended judgment may be decreed null and void, but that if it is held valid for any purpose, an account may be taken of the amount, if anything is due on the judgment, and set-off made of the amount unpaid on stock agreed to be taken and contributed and paid by Lemon, and that Lemon be restrained from enforcing his said judgment, or any part thereof, and that it be decreed satisfied and discharged, and for further and other or different relief and process, etc., "and asked and moved that the said cross-bill be filed, and for a rule on the said original complainant, John R. Lemon, to plead, demur or answer to the same; but the court refused to permit said cross-bill to be filed or to make the said rule to answer the same, to which ruling defendants then and there duly excepted."

Messrs. HERBERT, QUICK & MILLER, for the appellants:

The court erred in not permitting the cross-bill to be filed, and in not ruling the original complainant to answer. The right to file the cross-bill after answer is statutory, and a rule to answer it was the proper course for the court. Rev. Stat. 1874, chap. 22, sec. 30; *Jones* v. *Smith,* 14 Ill. 230; *Wiley* v. *Platner,* 17 id. 540; *Robins* v. *Swaine,* 68 id. 200; *Beauchamp* v. *Putnam,* 34 id. 381; *Davis* v. *American and Foreign Christian Union,* 100 id. 313.

The association had a right to a hearing on the cross-bill, and it was error to hear the case without an issue on such bill. *Blair* v. *Reading,* 99 Ill. 611.

It was error upon the evidence disclosed, even on the answer, not to have allowed to the Prudential Life Association a set-off to the amount of the judgment.

A prior creditor's bill, under the statute, will not lie against an insolvent insurance company, for the reason that a statutory remedy lies. Such a bill will not lie in New York. *Morgan* v. *New York and Albany R. R. Co.* 10 Paige, 290; 2 Barbour's Ch. Pr. 157; *Sherwood* v. *Buffalo and New York Central R. R. Co.* 12 How. Pr. 136; *Corning* v. *Mohawk Valley Ins. Co.* 11 id. 190; *Hund's* v. *Canandaigua and Niagara Falls R. R. Co.* 10 id. 487; *Harrison* v. *H. R. Q. and M. Co.* 11 id. 33; *Bogardus* v. *Manufacturing Co.* 7 N. Y. 147; *Mills* v. *Stewart*, 41 id. 390; *Griffith* v. *Mangum*, 73 id. 611; Rev. Stat. chap. 73, secs. 84-92; *Ward* v. *Farwell*, 97 Ill. 593; *Chicago Life Ins. Co.* v. *Auditor*, 101 id. 82.

A creditor, by filing a creditor's bill, merely acquires a lien upon the assets of his debtor existing when the bill is filed, and if the assets consist of accounts due or choses in action, if the debtor himself could not maintain an action for the recovery of the same the creditor can not maintain the bill. *Bonte* v. *Cooper*, 90 Ill. 440; *Browning* v. *Bettis*, 8 Paige, 568.

So in garnishment, the judgment debtor, in order to hold the garnishee, must be able to maintain a suit at law. *Richardson* v. *Lester*, 83 Ill. 55; *Peck* v. *Coalfield Coal Co.* 3 Bradw. 624.

Mr. F. W. S. Brawley, for the appellee:

Unpaid subscriptions to capital stock of a corporation constitute a trust fund for the payment of creditors of the corporation. *Lamar Ins. Co.* v. *Moore*, 84 Ill. 575; *Union Ins. Co.* v. *Frear Stone Manf. Co.* 97 id. 537; *Hatch* v. *Dana*, 101 U. S. 205; *Sawyer* v. *Hoag*, 17 Wall. 610; Thompson on Liability of Stockholders, sec. 10, and cases cited.

The liability on an unpaid subscription to capital stock is that of a debtor. *Terry* v. *Anderson*, 95 U. S. 628.

A court of equity will enforce payment of the subscriptions though no call was made by the board of directors. *Hatch* v. *Dana,* 101 U. S. 205; *Hickling* v. *Wilson,* 104 Ill. 54; *Ogilvie* v. *Knox Ins. Co.* 22 How. 380; Thompson on Liability of Stockholders, sec. 15, and cases cited.

Appellants can not complain that no decree was entered against the corporation. *Downey* v. *O'Donnell,* 92 Ill. 559; *Munger* v. *Jacobson,* 99 id. 349; *Clark* v. *Hall,* 7 Paige, 382; *Vanpeet* v. *Dunford,* 58 Ill. 145; *Smith* v. *Hickman,* 68 id. 314; *Vanvalkenburg* v. *Trustees,* 66 id. 103; *Hedges* v. *Mace,* 72 id. 472; *Fanville* v. *Sausser,* 73 id. 451; *Clark* v. *Marfield,* 77 id. 258; *Richardson* v. *Greene,* 78 id. 525; *Stow* v. *Steele,* 83 id. 422.

The cross-bill was not necessary or proper. *Chicago, Danville and Vincennes R. R. Co.* v. *Field,* 86 Ill. 270; *Derby* v. *Gage,* 38 id. 27; *Tobey* v. *Foreman,* 79 id. 489.

Refusing a jury trial was in the discretion of the court. *Dowden* v. *Wilson,* 71 Ill. 485.

Unsworn answer: an affidavit necessary to entitle one to trial by jury. *Hahn* v. *Huber,* 83 Ill. 243; *Sea Ins. Co.* v. *Daggett,* 9 Paige, 369.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

Did the court err in refusing the motion of the defendant corporation to file the cross-bill? Section 30, chapter 22, Revised Statutes of 1874, provides: "Any defendant may, after filing his answer, exhibit and file his cross-bill, and call upon the complainant to file his answer thereto, in such time as may be prescribed by the court." In *Jones* v. *Smith,* 14 Ill. 229, it was held that a cross-bill was proper whenever the defendants, or any of them, have equities arising out of the subject matter of the original suit which entitle them to affirmative relief, which they can not obtain in that suit. In the case cited the decree was reversed, on the ground, alone, that the court struck the cross-bill from the files, and refused

to require the defendants to answer it. In *Beauchamp* v. *Putnam*, 34 Ill. 378, it was held that the filing of a cross-bill was a matter of right, and requires no leave ; but it does not necessarily stay the original cause. The same doctrine was declared in *Davis* v. *American and Foreign Christian Union*, 100 Ill. 313. The doctrine may, therefore, be regarded as well settled, that where a defendant has equities arising out of the subject matter of the original suit which entitle him to affirmative relief, it would be error for the circuit court to refuse to permit a cross-bill to be filed.

Did the defendant corporation, by the averments in the cross-bill, bring itself within this rule ? There may be matters alleged which are not material, or upon which relief could not be granted ; but it is alleged that Lemon, the complainant in the original bill, in case he was elected secretary of the association, agreed to take fifty shares of the capital stock of the company, and pay therefor the sum of $5000 ; that he was elected secretary, but failed and refused to take the stock which he had agreed to do. If Lemon made a valid contract with the corporation, upon a sufficient consideration, to take stock in the corporation, and failed and refused to comply with that contract without fault on the part of the corporation, the latter may recover such damages for a breach of the contract as it may have sustained. *Thrasher* v. *Pike County R. R. Co.* 25 Ill. 404, is a case in point as to the liability of a person to a corporation on a similar promise.

It may, however, be said this defence might have been set up in the action at law in which the judgment was rendered, and the corporation is concluded by the judgment. In an action before a justice of the peace our statute requires a defendant to bring in all his demands against a plaintiff, unless they exceed the jurisdiction of the justice, and a failure to do so will bar an action brought after the rendition of the judgment. But this statute has no reference to actions brought in the circuit court. The statute allows a set-off to

be pleaded in the circuit court, but it is not compulsory. A defendant may decline to plead and prove his set-off, and after judgment sue the plaintiff for his demand, if he desires to do so. *Morton* v. *Bailey,* 1 Scam. 213; *Chicago, Danville and Vincennes R. R. Co.* v. *Field,* 86 Ill. 270.

The case then stands in this position: The complainant has recovered a judgment at law against defendant, which he carries into a court of equity to enforce. The defendant has a demand against complainant, which grew out of the same transaction, which has not been reduced to judgment, and which was not pleaded in the action at law wherein complainant obtained judgment. Can this demand be set off in equity when the plaintiff in the judgment comes into a court of equity to collect his judgment? If the judgment had been paid after it was rendered, the defendant might defeat the bill by showing that fact. If it has a legal demand against complainant large enough to liquidate the judgment, although it existed when the judgment was rendered, as it was not bound in law to plead that demand in the action at law, when sued in equity we perceive no reason why the demand may not be relied upon as a set-off to the judgment, if the corporation can show equitable ground for relief.

It is true where a bill is filed to enjoin the collection of a judgment, on the ground that the complainant in the bill has a set-off in equity, courts of equity will not allow such a set-off unless the party seeking it can show some equitable ground for relief against the judgment. (*Raleigh* v. *Raleigh,* 35 Ill. 512.) Indeed, a set-off is ordinarily allowed in equity only when the party seeking the benefit of it can show some equitable ground for being protected against the adversary's demand,—the mere existence of cross-demands is not sufficient. (2 Story, sec. 1436.) But it is a natural equity that cross-demands should be off-set against each other, and that the balance only should be recovered, and where the law can not give a remedy in a separate action, courts of chancery

may grant relief. (*Lindsey* v. *Jackson*, 2 Paige, 581.) The insolvency of the party against whom the equitable set-off is claimed, has been held sufficient ground for the exercise of equitable jurisdiction. In this case, insolvency of the complainant was not shown by the allegations of the cross-bill, but it was averred that the complainant was beyond the jurisdiction of the court; that he had moved to the State of Iowa; that he could not be sued and the demand be collected by a judgment in an action at law. Non-residence has been held to be equivalent to insolvency. This was announced in *Robbins* v. *Hawley*, 1 Monroe, 194, where the court said: "Robbins is admitted to be insolvent, and Dodge must be understood, from the proceedings, to be out of the country; and it will not be denied that these facts are sufficient, in general, to warrant a court of equity in taking cognizance of a cause, for the purpose of setting off demands which, from a lack of connection, could not otherwise be decreed in a court of equity." It would seem to be inequitable to require the corporation to go to another State to collect its demand in an action at law, and we are inclined to hold that the non-residence of the complainant, in connection with the fact he calls upon a court of equity to enforce his judgment, is sufficient to allow the defendant corporation to prove and set off its demand set up in the cross-bill against the judgment of the complainant.

Other questions have been discussed in the argument, but it will not be necessary to consider them here.

In our opinion the court erred in denying the motion of the defendant corporation to file the cross-bill. For this error the judgment of the Appellate Court will be reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*