## SARAH FREAD
### *v.*
## BENJAMIN F. FREAD *et al.*

*Filed at Ottawa November 9, 1896—Rehearing denied March 6, 1897.*

1. APPEALS AND ERRORS—*when appeal lies to Appellate Court though a freehold is involved.* An appeal lies from the circuit to the Appellate Court, in a suit involving a freehold, when the assignments of error do not question the decree fixing the rights of the parties to the land in controversy, but relate only to questions of practice.

2. RES JUDICATA—*final and unreversed partition decree settles interests of parties.* A final partition decree, entered in accordance with the admissions and allegations of a defendant's answer, precludes such defendant, in the absence of fraud or mistake, from afterwards

claiming, by cross-bill or otherwise, any greater interest in the land in controversy than that already adjudged him.

3. PRACTICE—*a cross-bill, though a matter of right, must be filed in proper time.* After a final decree has been entered, and a sale made thereunder, a cross-bill cannot be entertained which invokes a rehearing of the original cause, and if sustained would lead to a different adjudication from that already had. (*Davis* v. *Christian Union,* 100 Ill. 313, and *Chicago Artesian Well Co.* v. *Insurance Co.* 57 id. 424, distinguished and explained.)

*Fread* v. *Fread,* 61 Ill. App. 586, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

The appellees, heirs-at-law of Absolom Fread, deceased, filed their bill to the March term, 1894, of the circuit court of LaSalle county for the partition of certain lands derived from said deceased, and for the assignment of dower and homestead to his widow, the appellant. The bill alleged, among other things, that the deceased was, at the time of his death, the owner and seized in fee simple of the land, and that his children, the complainants and defendants, upon his death became and were the owners in fee simple, as tenants in common, of the land, subject only to the right of dower and homestead of said widow. At the following June term there was filed in said cause a paper writing executed by appellant, authorizing Henry Gunn to enter her appearance and to file answer for her, waiving the service of process and consenting to an immediate hearing of the cause at said term. The answer was filed June 19, and contained, among other things, the following statement: "That she admits each and every allegation in said bill contained as fully and completely as though specifically set out and answered thereby;" also, "Further answering says, that she claims homestead and dower in said premises."

The issues were made and the cause referred to the master, and was heard by the court on June 28, 1894, and

a decree rendered finding the facts as alleged in the bill, and directing the assignment of homestead and dower and partition of the premises as prayed. The commissioners appointed reported that they could not assign homestead and dower and make partition of the premises without manifest prejudice to the parties in interest. Appellant thereupon filed her consent, in writing, to the sale of her homestead and dower, and the court thereupon entered a decree ordering the sale of the premises, including the homestead and dower. The sale was made by the master as ordered, and at the following October term he filed his report of sale, which was approved. Afterward, about the first of December, at the same term, appellant, by her solicitor, Henry Gunn, filed her petition for leave to file a cross-bill in said cause. This petition was denied by the court. On the 28th of December she filed her cross-bill in said cause, making all of the other parties defendants, and charging, among other things, that on August 7, 1867, a portion of the lands described in complainants' bill was purchased by her said husband, Absolom Fread, for the sum of $3500, and that $2000 of said purchase money was paid from moneys belonging to her, derived from her father's estate, and that it was agreed between herself and her husband at the time, that for said $2000 so paid by her she should have and hold an interest in the land to that amount, but that the deed was made to her said husband, and that afterward the remaining $1500 of the purchase money was paid from the proceeds of said farm derived from their joint labor. The only reasons appearing from the record why appellant did not sooner file her cross-bill were, as stated in said cross-bill, that when she filed her answer, and later her written assent to the sale, she did not know of any person by whom she could prove the matters alleged in her said cross-bill, and had no knowledge of any legal or proper evidence by which she could maintain her said claim. The cross-bill was, on motion, stricken from the

files by the court, and the master was directed to execute a deed to the purchaser at the sale and to make distribution of the proceeds. Appellant thereupon, on March 9, 1895, moved the court for leave to re-file the cross-bill, but the court denied the motion. The order of the trial court was affirmed in the Appellate Court, and Mrs. Fread has taken her further appeal to this court.

HENRY GUNN, for appellant:

The matters alleged in said cross-bill show a resulting trust, and were proper to be set up by cross-bill. *Smith* v. *Smith,* 85 Ill. 189; *Van Buskirk* v. *Van Buskirk,* 148 id. 9.

The filing of a cross-bill is a matter of right, and requires no leave of court. *Beauchamp* v. *Putnam,* 34 Ill. 378; *Davis* v. *Christian Union,* 100 id. 318; *Quick* v. *Lemon,* 105 id. 578; Starr & Curtis' Stat. chap. 22, sec. 30.

It is never too late to file a cross-bill, so long as the court has control of the case. *Artesian Well Co.* v. *Insurance Co.* 57 Ill. 424; *Morrison* v. *Morrison,* 140 id. 568; *Davis* v. *Christian Union,* 100 id. 318.

McDOUGALL & CHAPMAN, for appellees:

In all cases involving a freehold appeals shall be taken directly to the Supreme Court. Starr & Curtis' Stat. 1842.

A freehold is involved in a partition proceeding. *Bangs* v. *Brown,* 110 Ill. 96; *Carter* v. *Penn,* 99 id. 390.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellees insist here, as they did in the Appellate Court, that the appeal should have been taken directly to this court, for the alleged reason that a freehold is involved. We are satisfied that this question was correctly decided in the Appellate Court. The assignments of error do not call in question the decree of the trial court fixing the rights and interests of the parties in the lands in controversy, but only questions of practice in

chancery. The appeal was properly taken to the Appellate Court. *Cheney* v. *Teese,* 113 Ill. 444; *Walker* v. *Pritchard,* 121 id. 221; *Malaer* v. *Hudgens,* 130 id. 225; *Franklin* v. *Loan and Investment Co.* 152 id. 345.

There can, we think, be no doubt that appellant's cross-bill was properly stricken from the files. The rights and interests in the lands of the several parties to the cause, including those of appellant, were found and finally determined by the decree in partition, and appellant came too late with her cross-bill. The decree was in accordance with the admissions and allegations contained in her answer, and the subsequent decree of sale was in pursuance of her written assent filed in pursuance of the statute, and she was thereby precluded from claiming, by way of cross-bill or otherwise, in the absence of any showing or claim of fraud or mistake, any greater interest in the lands in controversy than had already been adjudged to her. No authority has been cited, and we know of none, holding that a cross-bill may be filed by a party defendant under such circumstances after final decree, and which would involve a rehearing and a redetermination of the original cause, and, if sustained, a different adjudication from that already made in the decree which had been rendered. The cases, viz., *Beauchamp* v. *Putnam,* 34 Ill. 378, *Davis* v. *American and Foreign Christian Union,* 100 id. 313, *Quick* v. *Lemon,* 105 id. 578, and *Morrison* v. *Morrison,* 140 id. 560, do not sustain appellant's position. The filing of a cross-bill is a matter of right and requires no leave of court, but it should be filed in proper time. (1 Starr & Curtis' Stat. p. 407, sec. 30; *Beauchamp* v. *Putnam, supra; Davis* v. *American and Foreign Christian Union, supra;* 3 Daniell's Ch. Pr. sec. 1745; Story's Eq. Pl. sec. 395. See, also, 5 Ency. of Pl. & Pr. 653, and collection of cases there noted.) And it does not follow that because a defendant to a bill has the right to file a cross-bill he may do so after hearing and decree, and thus call in question matters which, but for such cross-bill,

would be concluded by such decree. In the *Davis case* above cited, although the cross-bill was filed some years after the filing of the original bill, it was before the hearing. In *Chicago Artesian Well Co.* v. *Insurance Co.* 57 Ill. 424, it was held that a cross-bill was properly filed after a final decree, but as there said, "the cross-bill did not seek to open that decree nor to disturb any proceeding which had been had in the suit," but its sole purpose was to set aside a sale made by one of the parties after such decree was rendered.

There was no error committed in the suit at bar, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. Justice Cartwright took no part.