374        APPELLATE COURTS OF ILLINOIS.

Paris Bldg. Corp. v. Shipley, 246 Ill. App. 374.

## Paris Building Corporation of Paris, Illinois, Plaintiff in Error, v. Dr. C. L. Shipley, Defendant in Error.

### Gen. No. 8,061.

CORPORATIONS—*liability of stock subscriber to succeeding corporation.* One who subscribed to stock in a corporation to be organized but which was not formed and the project was abandoned, and which proposed corporation was succeeded as to its purposes by another corporation organized by some of the other's subscribers who voluntarily continued their subscriptions to the new corporation, cannot be held liable on his subscription by the new corporation on evidence showing he had nothing to do with its organization.

Error by plaintiff to the Circuit Court of Edgar county; the Hon. WALTER BREWER, Judge, presiding. Heard in this court at the April term, 1927. Affirmed. Opinion filed October 31, 1927.

FRED RHOADS, for plaintiff in error.

G. F. BENNETT and WILBUR H. HICKMAN, for defendant in error.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case the plaintiff in error, Paris Building Corporation of Paris, Illinois, sued the defendant in error, C. L. Shipley, on a subscription pledge of $100 made by the defendant in error to the Paris Hotel Company. The case was tried in the circuit court of Edgar county. At the close of all the evidence, the court directed a verdict for the defendant in error and rendered judgment against the plaintiff in error, for costs. This writ of error is prosecuted from the judgment.

There is practically no dispute about the facts. It clearly appears from the evidence in the record, that Glenn W. North of the Glenn W. North Company, came to the city of Paris for the purpose of submitting

a proposal to build a hotel in that city; and he made a proposition to the citizens of Paris to build a hotel which would cost approximately $200,000; and if the citizens would subscribe 40 per cent of that amount, he would bond the hotel company for the other 60 per cent; and that he would sell the bonds to be issued for the 60 per cent; and procure some one who would operate the hotel. The defendant in error subscribed to this proposition and gave his subscription in writing to help carry it into effect. The subscription is as follows:

"PARIS HOTEL COMPANY
"Paris, Illinois, June 9, 1921

"The undersigned hereby subscribes for one share of the capital stock of the Paris Hotel Company, a building corporation to be organized for the purpose of building a hotel in Paris, Illinois, and agrees to pay the par value of $100.00 a share therefor.

"I agree to pay 15 per cent of this subscription upon demand, the remainder to be paid at such times and in such installments as the said company, by its board of directors, may prescribe.

"Name, C. L. Shipley,
"Address, 219 N. Central Ave., Paris.
Witness: F. C. Blackman,

"This money not to be paid until lease is closed."

After the defendant in error and other citizens of Paris had subscribed the 40 per cent to the stock of the proposed hotel, North notified the subscribers, that he was unable to carry out his part in the financial plan for the building of the hotel; and the North hotel project was thereupon abandoned. Thereafter, however, about one hundred of the subscribers met and adopted another plan for building a hotel; and these subscribers agreed to let their subscriptions stand for the benefit of the new organization, which finally resulted in the incorporation of another company, namely, the Paris Building Corporation of Paris, Illinois;

and the building of the hotel which is now in operation was thereby accomplished. It is clear, that the company to which the defendant in error gave his subscription never came into legal existence; and that the hotel plan and project for which he gave his subscription was never carried into effect. The proof does not show, nor is it contended, that the defendant in error ever became a party to any other plan or organization for building a hotel; or that he participated in the organization or incorporation of the hotel company subsequently formed which built a hotel at Paris; nor is there any evidence to show, that he, at any time, transferred or assented to a transfer of his subscription to the later hotel organization. Before a recovery can be had the proof must show a subscription to the corporation suing. *Quick v. Lemon*, 105 Ill. 578. But even if an obligation to pay the subscription had been incurred by the defendant in error to the Paris Hotel Company such indebtedness to the Paris Hotel Company could not be recovered by the Paris Building Corporation another corporation. It is elementary law that one person cannot collect a debt due another person. *Thrasher v. Pike County R. Co.*, 25 Ill. 393.

The judgment is affirmed.

*Judgment affirmed.*