## Bessie L. Howison v. Martha J. Ruprecht, et al.

### Gen. No. 11,952.

1. CROSS-BILL—*when should be filed.* A cross-bill should be filed without delay, and the court after it 'has lost jurisdiction of the decree entered upon the original bill has no power to entertain such a proceeding.

2. CROSS-BILL—*when filing of, should not be permitted.* A cross-bill should not be permitted to be filed when there has been an unreasonable delay in presenting the same.

Bill for accounting. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed May 29, 1905.

**Statement by the Court.** March 4, 1896, David Robinson and others filed a bill against Martha J. Ruprecht, formerly Martha J. Robinson, Charles E. Robinson, Jr., Bessie L. Robinson and Nathan S. Robinson, claiming to be the heirs at law of Curtis E. Robinson, who died April 20, 1892, seized in fee simple of certain described real estate situated in Cook County, Illinois. The bill alleges that complainants and Nathan S. Robinson are the sole heirs at law of said deceased, and that the defendants, except Nathan S. Robinson, claim to be the sole heirs of the deceased; that on the death of Curtis E. Robinson, Martha J. Ruprecht, claiming that she and the other defendants were such heirs, and assuming to. act for herself and as guardian of Curtis E. Robinson, Jr., took possession of all of said real property, procured attornments from persons occupying the same, and collected the rents and profits thereof, and claims that she and said other defendants have ever since remained in such possession and collected said rents; that the deceased, about June 14, 1860, was lawfully married to Mary J. Jennison, and that said marriage relation continued undissolved till December 21, 1875, when Mary J. Robinson, wife of the deceased, died. The bill then alleges, in substance, that during the said marriage of deceased, and in the year 1869 or 1870, the deceased and one Mary J. Dackermann com-

menced to live together in a state of adultery and concubinage, and so continued till the death of said Dackermann, April 13, 1891; that during the continuance of said illicit relation, and prior to the death of Mary J. Robinson, Mary J. Dackermann gave birth to Martha J. Ruprecht in 1871, and to Curtis E. Robinson, Jr., in 1874, and that during the continuance of said illicit relation and in 1879 said Mary J. Dackermann gave birth to Bessie L. Robinson, and that said children, so born, were not born in lawful wedlock, and are not heirs of Curtis E. Robinson,·deceased. The bill, after certain averments in respect to the property involved, not necessary to be mentioned, avers that complainants are desirous of a partition of the premises, sets forth certain interrogatories to be answered by the defendants, except Nathan S. Robinson, on oath, and prays that complainants may be decreed to be the lawful heirs of Curtis E. Robinson, and for partition among them of the premises. The defendants answered the bill, the answers, except that of Nathan S. Robinson, being on oath. April 16, 1896, Curtis E. Robinson, Jr., and Martha J. Ruprecht, individually. and as guardian of the person and estate of Bessie L. Robinson, a minor, filed a cross-bill, making the complainants in the original bill and Nathan S. Robinson defendants. The defendants to the cross-bill answered it, replications were filled, and, July 14, 1899, a decree was rendered on the pleadings and on proofs taken and evidence heard in open court, dismissing the original bill and adjudging that Martha J. Ruprecht, formerly Martha J. Robinson, Bessie L. Howison, formerly Bessie L. Robinson, and Curtis E. Robinson, Jr., are the next of kin and only heirs at law of Curtis E. Robinson, deceased. On appeal by the complainants in the original bill the decree was affirmed (Robinson v. Ruprecht, 191 Ill. 424), and the order of affirmance was filed in the Circuit Court November 8, 1901. February 27, 1904, Bessie L. Howison, formerly Bessie L. Robinson, without leave of the court, filed a cross-bill in the cause, making William J. Ruprecht, Martha J. Ruprecht, Frank H. Ruprecht and others, some of which were complainants

in the original bill, defendants, in and by which cross-bill it was averred, in substance, that Martha J. Ruprecht had collected all of the rents of the property left by the father and had never accounted to appellant for her share of said rents; that said Martha J. Ruprecht had made a fraudulent conveyance of all her property to Frank H. Ruprecht, her brother-in-law; that said deed was without consideration and made for the sole purpose of enabling said Frank H. Ruprecht to hold the title to said real estate for the said Martha J. Ruprecht, and for the purpose of defrauding appellant and hindering and delaying appellant in the collection of her share of the rents collected by said Martha J. Ruprecht, and that by such conveyance said Martha J. Ruprecht was reduced to a state of insolvency, and that nothing could be collected from her, and that the said deed to said Frank H. Ruprecht was fraudulent and void and vested in him no title in and to the property covered thereby and that he took and accepted said deed without paying anything therefor, with full knowledge of and subject to all the rights and claims of appellant and with full knowledge of the existince of such claims against said Martha J. Ruprecht and her interest in and to and against said property, and prayed for an account of such rents so collected by said Martha J. Ruprecht, and that whatever was found to be due appellant should be decreed to be a lien upon the interest of said Martha J. Ruprecht and said Frank H. Ruprecht in said real estate. Upon this cross-bill summons was issued and served upon said Frank H. Ruprecht, who entered his appearance to the same on the 22nd of March, 1904, and on the same day filed a motion to strike said cross-bill from the files. The court sustained this motion and struck the cross-bill from the files, from which order striking the cross-bill from the files this appeal is taken.

M. L. RAFTREE, for appellant.

IVES, MASON & WYMAN, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant's counsel contend that the cross-bill of appellant was filed in apt time, that the court had jurisdiction to entertain and pass on it, and, consequently, that the striking it from the files was error.

The decree of the Circuit Court, July 14, 1899, which was affirmed by the Supreme Court in June, 1901, disposed of all issues made in the cause at the time of the entry of that decree. The cross-bill of appellant was filed February 27, 1904, nearly five years after the entry of the decree. In Beauchamp v. Putnam, 34 Ill. 381, the defendant, at the hearing, asked leave to file a cross-bill, which was refused. The court say: "A defendant desiring to file a cross-bill should do so without delay, and have the same at issue, if practicable, so as to be heard with the original bill. If he desires any further time, he must* seek it as a matter of indulgence. The court is not required, at the hearing of the original cause, to order the defendants to a cross-bill to plead, answer or demur *instanter*. It may give time for answering, and postpone the hearing until the answer comes in; or it may give time, and proceed with the hearing. The complainant in the cross-cause must have it ready to be heard when the original cause comes on for a hearing, or procure a stay of proceedings, if he desires that the two causes shall be heard together."

In Fread v. Fread, 165 Ill. 228, after hearing and decree, the defendant petitioned the court for leave to file a cross-bill, and the court denied the petition; notwithstanding which she subsequently filed a cross-bill, which the court, on motion, struck from the files. The court say: "The filing of a cross-bill is a matter of right and requires no leave of court, but it should be filed in proper time. (1, Starr & Curtis' Stat., p. 407, sec. 30; Beauchamp v. Putnam, *supra;* Davis v. American and Foreign Christian Union, 100 Ill. 313; 3 Daniell's Ch. Pr. sec. 1745; Story's Eq. Pl. sec. 395. See also, 5 Ency. of Pl. & Pr. 653, and collection of cases there noted.) And it does not follow that because a defendant to a bill has the right to file a cross-bill he may do so after hearing and decree, and thus call in

question matters which, but for such cross-bill, would be
concluded by such decree."

In Bronson v. LaCrosse & M. R'd Co., 2 Black (U. S.),
524-532, the court, Mr. Justice Davis delivering the opin-
ion, say: "It is proper to say, that we do not approve of
the practice of filing a cross-bill after the original suit has
been heard and its merits passed on. If any of the defend-
ants in the suit wished to have the equities between them-
selves settled without instituting an original suit for that
purpose, they should have applied to the court at an earlier
stage of the litigation, and not waited until the pleadings
were perfected, proofs taken and the cause, after two years
of delay, ready for hearing." There are other cases to the
same effect. The cases cited are such that the court had
jurisdiction and control of the cause when the question
arose as to the right to file a cross-bill; but the court, in this
case, had no jurisdiction of the original cause of Robinson
et al. v. Ruprecht et al., in which appellant's cross-bill was
filed after the end of the term at which the decree was ren-
dered. But appellant's counsel contend that the court hav-
ing appointed a receiver, and the receiver not having been
discharged, the court had jurisdiction to allow the cross-bill
to be filed. The record before us is certified to be per prae-
cipe, and it contains no order appointing a receiver. The
record, however, contains numerous orders in respect to a
receiver's actings and doings, and approvals of his reports,
of dates subsequent to July 14, 1899, when the decree was
entered, and, in considering appellant's contention, we will
assume that a receiver was regularly appointed. In High
on Receivers, 3rd ed., sec. 833, the author says: "The
functions of a receiver usually terminate with the termina-
tion of the litigation in which he was appointed. And when
the bill upon which the appointment was made is afterward
dismissed upon demurrer, the duties of the receiver cease
as between the parties to the action. So when defendant
in the action in which the receiver was appointed finally
obtains judgment therein in his favor, the entry of judg-
ment would seem to have the effect of terminating the re-

ceiver's functions, although plaintiff in the action perfects his appeal to an appellate court. It is to be observed, however, that the abatement of the action, or the entry of final judgment therein, does not have the effect of discharging the receiver *ipso facto*. And although as between the parties to the litigation his functions have terminated with the determination of the suit, he is still amenable to the court as its officer until he has complied with its directions as to the disposal of the funds which he has received during the course of his receivership."

In Field v. Jones, 11 Ga., 415, the court say: "The bill, by virtue of which Mr. Schley was appointed receiver and came into the possession of this fund, was dismissed upon demurrer—the legal consequence of which was to dispense with the functions of the receiver as a depository of the parties litigant. His duties ceased with the termination of the litigation between the parties to the bill, and that ceased when it went out of court upon the demurrer. But his relations to the court of chancery from which he received his appointment did not determine—his amenability to that court as receiver continued. That is to say, he was still an officer of the court. His possession of the fund was the possession of the court. Both he and it were subject to the order of the court." To the same effect is Hickox v. Holladay, 12 Sawyer's U. S. C't R. 204, 217.

The court, after the dismissal of the original bill, and after the term at which the final decree was entered had expired, had no jurisdiction to entertain a cross-bill and rule the original complainants, defendants to the cross-bill, to answer it. In the present case the appellant caused a summons to be issued for and served on Frank H. Ruprecht, a defendant to the cross-bill, who was not before the court as a party to the original bill or original cross-bill, assuming that such original parties were still in court, as, clearly, they were not. The original bill had been dismissed nearly five years before the cross-bill was filed; the complainants had taken their departure from the forum, and the court had no more jurisdiction over them than had they never

been before it, except, perhaps, to enforce an injunction against them contained in the decree. Also, the rights of appellant, in issue by the prior pleadings, had been fully settled by the decree. Even if the term at which the decree was rendered had not ended, and the court had had jurisdiction of the persons of the litigants and of the subject-matter of the litigation, appellant could not have filed a cross-bill without leave of the court. Roberts v. Peavey, 9 Foster (29 N. H.), 393; Montgomery v. Olwell, 1 Tenn. Ch. 169.

A cross-bill will not be permitted to be filed when there has been unreasonable delay. Baker v. Oil Tract Co., 7 W. Va. 454.

In Roberts v. Peavey, *supra,* the defendant, after the cause had been decided, moved for leave to file a cross-bill. The court denied the motion, saying: "We have carefully examined the books within our reach, and the result to which we have arrived is, that it is too late to file such a cross-bill after a hearing, unless in those cases where the court finds itself unable to make a satisfactory decree without further facts than those which the parties have laid before them, when they may direct a cross-bill to be filed. The present is not a case of that kind."

We have examined the cases cited by appellees' counsel, and do not consider them applicable in this case.

A motion by appellees to affirm the order appealed from, because of insufficiency of the transcript, was reserved till the hearing, which, by reason of our conclusion, it is unnecessary to pass on.

The order striking appellant's cross-bill from the files will be affirmed.    *Affirmed.*