### E. E. Campbell, Appellee, v. Lewis L. Lindley, Appellant

Opinion filed February 12, 1930.

HARRY FAULKNER, for appellant.

M. R. SULLIVAN, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

This suit was started in the circuit court of Madison county, Illinois. The declaration consisted of two counts; one the consolidated common counts; the second or special count based on the grounds that the appellant did not perform the conditions in a certain stipulation in another case where the same parties were litigants. Lewis L. Lindley owned the controlling interest in the Press-Record Publishing Company, a corporation which published the Granite City Press Record. On September 8, 1926, the appellee, E. E. Campbell, took an option from the appellant Lindley on all of the capital stock of said Company at an agreed price of $100,000.

Lindley refused to deliver the stock. Campbell brought suit in the circuit court of Madison county, Illinois, against Lindley for specific performance and for an accounting at the January term, A. D. 1927. The

pleadings were settled and the case set for trial before Judge Louis Bernreuter on April 1, 1927. At the time set for the hearing, the parties asked for time so that an attempt could be made to settle the litigants' differences without hearing the case. After a lengthy conference between the attorneys and litigants a stipulation was finally entered into by the parties and signed by them.

The present suit is based on damage for failure to comply with paragraphs 2, 6, 7 and 12 of said stipulation and upon an account between the parties for rent. Paragraph 6 provided that defendant Lindley (the appellant in this case) was to assume and discharge and satisfy all liens on the property of the corporation except the unpaid balance of the Building and Loan Association's mortgage. The appellants in their brief and argument concede that Lindley owes the appellee, Campbell, the sum of $274.16 under the terms of this paragraph. The appellant further conceded that he owes the appellee $6.85, being one-half the costs of the original suit between the parties. So practically the only question to be decided in this case is, whether section 7 of the stipulation was properly construed by the trial judge, and whether it was error for him to admit oral evidence to ascertain the intention of the parties at the time the stipulation was entered into.

Section 7 of the stipulation is as follows: "It is stipulated and agreed by the parties hereto, through their respective solicitors of record, that this case and proceeding shall be settled and adjusted on the following basis:

"7. Defendant shall not be entitled to any of the accounts and/or bills receivable of said corporation, estimated to aggregate approximately fourteen thousand dollars ($14,000.00), and any and all sums hereafter collected on said accounts or bills receivable shall inure to the benefit of said corporation."

It is the contention of the appellant that by entering into this stipulation as set forth in above paragraph that the $14,000 mentioned is not a guaranty that the bills receivable will amount to this sum, but is only the amount that was estimated by the parties as being an approximate amount and may be more or less than $14,000. Appellees contended and the court so held, that section 7 is ambiguous and therefore oral testimony could be permitted to explain said section 7 and cite (*Kelsey v. Clausen,* 257 Ill. 402; *Close v. Browne,* 230 Ill. 228).

In *Clark v. Mallory,* 185 Ill. 227, 232, the court says: ''While courts will uniformly endeavor to ascertain the intentions of the parties in construing a contract between them, and for that purpose will look into the surrounding circumstances at the time the contract was executed if the language of the instrument is ambiguous or its meaning uncertain, still when the language employed is unequivocal, although the parties may have failed to express their real intention, there being no room for construction, the legal effect of the instrument will be enforced as written. Intention of the parties is not to be determined from previous understandings or agreements, but must be ascertained from the instrument itself which they execute as their final agreement, otherwise written evidence of an agreement would amount to nothing.'' (*Miltimore v. Ferry,* 171 Ill. 219.)

Upon examination of section 7 of this stipulation we are of the opinion that it is not ambiguous and that the $14,000 mentioned simply is an estimate of the parties that the bills receivable will be approximately that amount, and that oral evidence should not have been admitted to vary or explain the contract as entered into by the parties at the time the stipulation was signed. Appellees argue that this section should be construed the same as section 2 of the stipulation and

484

was a definite agreement that the bills receivable should amount to $14,000. An examination of section 2 of the stipulation will show that they are not similar. One is purely an estimated approximate amount, and the other is a definite, determined amount in that section No. 2 shall not exceed $1,700.

This stipulation was evidently drawn after a long conference, both sides being represented by able attorneys and the court will have to assume that all of the negotiations and discussions that had taken place prior to the signing of the stipulation had been merged in it, and that the same as finally drawn truly reflects the facts as had been agreed upon prior to the execution of the instrument. We are of the opinion that the judgment of $1,370.17 is not supported by the evidence in the case. The appellant admits he is indebted to the appellee in the sum of $281 and appellee is entitled to a judgment for this amount. The judgment of the circuit court of Madison county is hereby reversed with directions that the appellee file a remittitur of $1,089.16, said remittitur to be filed in this court within 20 days after the filing of this opinion; that if said remittitur is not made within said time, then the case to be reversed and remanded to the circuit court of Madison county, Illinois, at costs of appellee. If remittitur is filed, appellant to pay one-fifth of costs and appellee four-fifths of costs.

*Reversed on condition that appellee file remittitur of $1,089.16.*