GREENBERG *v.* CHAMBERS.

1. Equity—Cross-Bill.
    Generally, cross-bill should be filed at time of answer if it is part of defense.

2. Same—When Cross-Bill May Be Filed.
    Cross-bill may be filed, on leave of court, even after hearing, and in some cases final decree may be set aside and leave to file cross-bill granted.

3. Same—Discretion of Court.
    After case has been heard, leave to file cross-bill may be granted or denied in discretion of trial court.

4. Appeal and Error—Review of Discretionary Matters—Abuse of Discretion.
    Supreme Court will not review matters discretionary with trial court unless trial court's discretion is abused.

5. Same—Denial of Leave to File Cross-Bill.
    Denial of motion for leave to file cross-bill, after case had been heard and decree ordered by trial court, is affirmed, on appeal, where no abuse of discretion is shown.

Appeal from Wayne; Houghton (Samuel G.), J., presiding. Submitted January 5, 1933. (Docket No. 32, Calendar No. 36,906.) Decided April 21, 1933.

Bill by Harry M. Greenberg against Edward Leroy Chambers and others to execute a chattel mortgage as security for payment of rent under a lease, and for other relief. On motion of substituted attorneys to reopen proof and file cross-bill. From

order denying motion, defendant Chambers appeals.
Affirmed.

*Wm. Henry Gallagher,* for plaintiff.

*Leonard H. Muller* and *J. Leon Katz,* for defendant Chambers.

POTTER, J.   October 6, 1931, plaintiff filed a bill to compel defendant Edward Leroy Chambers to execute a chattel mortgage in the sum of $7,000, as security for the payment of rent claimed to be due on a lease of real estate, to be placed on the personal property in the demised premises; to require defendant Winifred McDonald to give a written release of any and all interest which she had or claimed to have in such personal property; to decree that Chambers pay the amount due plaintiff and to perform the lease entered into by him; to permit plaintiff to hold the sum of $1,650 deposited with him by defendant Chambers as security, and apply the same on the indebtedness of Chambers to plaintiff, and, in default thereof, that plaintiff have his rights established by decree; for injunction against defendants Chambers, McDonald, and Crowley, Milner & Company, or their assigns, for foreclosure of the lease held by Chambers, and for other relief.

The case was heard, and March 22, 1932, decree ordered by the trial court. July 16, 1932, there was substitution of attorneys and a motion made by such substituted attorneys to reopen the proof and for leave to file a cross-bill. This motion was heard August 4, 1932, denied by the trial court, and on the next day final decree was entered. August 6, 1932, a formal order was entered denying defendants'

motion to file a cross-bill, whereupon defendants appealed from the order of the trial court denying their motion for leave to file a cross-bill and reopen the proofs before the entry of decree.

The rule is that in general a cross-bill should be filed at the time of the answer if it is a part of the defense, and the old rule in England was that it should be filed before publication, which would be substantially in this State before the closing of the testimony. *Monmouth Co. Mutual Fire Ins. Co.* v. *Hutchinson,* 21 N. J. Eq. 107; 5 Enc. Plead. & Prac. pp. 653–665.

The testimony was closed and the trial court had announced its decision, though no formal decree had been entered, when there was substitution of attorneys and motion for leave to file a cross-bill.

"A cross-bill will not be permitted to be filed when there has been unreasonable delay." *Howison* v. *Ruprecht,* 121 Ill. App. 5.

"Where a defendant desires to file a cross-bill in a chancery proceeding he should act with due diligence and file the same without unreasonable delay, with a view to having it heard with the original bill." *Kelsey* v. *Clausen,* 257 Ill. 402 (100 N. E. 984).

"The court will not suspend the hearing of the original cause on account of a cross-bill, when that cross-bill has been filed at an unreasonable period." *Baker* v. *Oil Tract Co.,* 7 W. Va. 454.

"It is proper to say, that we do not approve of the practice of filing a cross-bill after the original suit has been heard and its merits passed on." *Bronson* v. *Railroad Co.,* 2 Black (67 U. S.), 524.

"When a cross-bill is necessary to the complete determination of the matters already in litigation,

the court may permit one to be filed at any time before the hearing. To grant or to refuse permission to file a cross-bill is largely in the discretion of the court. *Morgan's, etc., Co.* v. *Railway Co.,* 137 U. S. 171 (11 Sup. Ct. 61). The courts generally disapprove of the filing of a cross-bill after the original suit has been heard and the merits have been passed on.'' *Huff* v. *Bidwell,* 81 C. C. A. 43 (151 Fed. 563).

The authorities all recognize that a cross-bill may be filed, upon leave of the court first obtained, even after hearing. In some cases, after the entry of final decree, such decree may be set aside and leave to file a cross-bill granted. It is equally well settled that after a case has been heard, leave to file a cross-bill may be granted or denied in the discretion of the trial court. This court will not review matters discretionary with the trial court. It may act if the trial court's discretion is abused. We find no abuse of discretion in this case.

Decree affirmed, with costs.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.