*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY FOR ORDER OF JUDG-MENT AND SALE OF LANDS AND LOTS UPON WHICH ALL OR A PART OF THE GENERAL TAXES FOR FIVE OR MORE YEARS ARE DELINQUENT (The City of Chicago, Petitioner-Appellant).

First District (6th Division)   No. 1—91—0720

Opinion filed February 14, 1992.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Brian Trubitt, Assistant Corporation Counsel, of counsel), for appellant.

Rodney C. Slutzky, of Chicago, for appellee.

JUSTICE LaPORTA delivered the opinion of the court:
This appeal stems from Cook County's purchase of two parcels of property in the 1700 block of W. Warren Street, Chicago, for a no-cash bid on December 15, 1987, after the property was posted for sale for delinquent taxes up to and including 1985 taxes. On March 10, 1988, the county assigned its certificates of purchase to the City of Chicago.

On April 20, 1988, the property was sold once again for delinquent taxes, this time for the year 1986. Alice Dolezich bid on the property and was issued certificates of purchase. Both Dolezich and the City of Chicago (City) petitioned for tax deeds, filing objections to each other's actions. The court ordered a consolidated hearing on the two cases because of their interdependence.

At the consolidated hearing the trial judge denied a motion by the City to recognize the tolling of the statutory one-year limit the City faced on obtaining a tax deed. The court found the City's one-year time limit from the expiration of the redemption period for obtaining a tax deed had expired on February 28, 1990, and dismissed the City's petition for a tax deed with prejudice. The City then recorded its certificates of purchase with the Cook County recorder of deeds and filed a motion asking the court to reconsider its order because the certificates had been recorded and its lien was placed of record within the three-year time limit afforded municipalities under the Revenue Act of 1939 (Ill. Rev. Stat. 1989, ch. 120, par. 1 *et seq.*). The motion was denied and the court ordered that the City's subsequent attempt to redeem the property in Dolezich's case be expunged from the record. The City appealed.

At the time of this appeal, Dolezich's petition for tax deed was still pending and by court order of October 25 the one-year statute of limitations period was tolled until further order of the court.

The City raised three issues on appeal: (1) whether section 271 of the Revenue Act prevents a tax purchaser who has filed a timely application for tax deed from receiving a deed simply because judicial proceedings on the application, through no fault of the purchaser, took more than one year; (2) whether within the one-year period allowed under section 271 of the Revenue Act for obtaining and record-

ing a tax deed one must file a motion to invoke that section's tolling provisions for periods of time in which the court is unable or unwilling to act on the application for a tax deed; and (3) whether a municipality can preserve a lien on property under section 271 of the Revenue Act without obtaining a deed for that property.

On December 15, 1987, the County of Cook purchased two parcels of unimproved property in the City of Chicago for a no-cash bid at a tax sale of the property for unpaid taxes for 1976 through 1985 on one parcel and 1978 through 1985 on the other parcel. The two parcels were purchased individually and involved separate but identical and simultaneous court proceedings throughout. For the sake of simplicity, the City's actions and the two court cases will be referred to in the singular. The county assigned the certificates of purchase for the parcels to the City of Chicago on March 10, 1988, and the City then filed to extend the June 15, 1988, redemption date to February 28, 1989. No redemption occurred by that date.

On October 3, 1988, the City filed petitions for tax deeds pursuant to section 266 of the Revenue Act (Ill. Rev. Stat. 1989, ch. 120, par. 747) and served the requisite statutory notice on all interested parties advising them of the February 28, 1989, redemption expiration date. On March 13, 1989, after the redemption period had expired, the City filed an application asking the court to direct the county clerk to issue tax deeds to the City for the two parcels. The applications were set for a prove up July 17, 1989.

On July 17, the record owner, the Rev. Daniel Vinson and Out Reach Mission, requested that the prove up be continued and a continuation was granted to September 8, 1989. On that day, an attorney for Vinson filed an appearance.

The court heard evidence on September 8 and again on November 6 with regard to a purported extension of the redemption period. Dolezich contests the inclusion of these items in the statement of facts, stating that they are not in the record. A review of the record with regard to Vinson's activities in the case establishes, however, that though the transcripts of the July 17, September 8 and November 6 hearings are not included, a summary of their outcomes appears in the record in documents from both Vinson and the City.

On December 5, 1989, three months before the one-year statutory time limit expired, the trial court granted the City's motion for an order directing the county clerk to issue tax deeds on the parcels. The court directed the City to submit a full order and transcripts to the court. The record does not include transcripts for court hearings during this time period.

On January 3, 1990, Vinson, through additional counsel, moved the court for reconsideration. Vinson contended that the court's December 5 order was entered without expunging the attempted redemption made by Vinson and therefore no tax deed could rightfully be issued. Vinson alleged also that the City's applications for tax deeds were not in proper form.

On February 16, 12 days before the expiration of the one-year deadline, the City moved the court for leave to complete prove up on the two tax deeds. The City explained that it had responded "ready" to proceed to hearing on five court dates, July 17, 1989, September 8, October 10, November 6 and December 5, but that the case was continued the first four dates at the request of or to accommodate Vinson. The motion stated: "At these hearings, counsel for Petitioner and Respondents directed their arguments to the unauthorized extension of the period of redemption and Respondents' redemption of the property from sale. Because of the focus on the issues raised, counsel for Petitioner did not complete its submission of proof of Petitioner's compliance with the requirements of the Revenue Act."

On March 12, 1990, two weeks after the expiration of the one-year limitations period, the court ordered that Vinson's motion for reconsideration be set for a hearing on March 21. The City's motion to pursue prove up was continued until further order of court.

On April 3, 1990, the court denied Vinson's motion for reconsideration and granted the City's motion to set aside and expunge Vinson's redemption of the property. The court ordered that Vinson's money from the attempted redemption be returned to him. The City's motion to complete prove up was granted and scheduled for April 27, 1990.

On April 26, 1990, Alice Dolezich's attorney filed an appearance for Dolezich as an "objector" and the April 27 prove up date was continued to June 7. On May 7, 1990, the City filed a request that Vinson admit to certain facts in the case. Vinson refused, but the court ordered Vinson to respond to the request and set a prove up date for July 19, 1990. On July 6, 1990, the City filed a motion to quash Dolezich's appearance as objector. The motion was denied without prejudice on July 9, 1990. On July 19, the court on its own motion continued the matter to September 6.

On August 1, 1990, the City filed a motion asking the court for an order recognizing the tolling of the one-year time limitation. Future hearings for the City's case and Dolezich's case were then combined.

Dolezich became involved with the properties on April 20, 1988, four months after the county purchased the land for delinquent 1976-1985 taxes, when she purchased the same two parcels for delinquent

1986 taxes. On January 26, 1990, Dolezich filed her petition for tax deeds and the redemption date was set to expire June 8, 1990. Two days prior, on June 6, the City deposited money with the county clerk in an attempt to make a valid redemption of the property from Dolezich.

Dolezich petitioned the court to expunge the City's attempted redemption contending that the City had not protected its interest in the property within the prescribed time limit after it purchased the property at the 1987 scavenger sale. Dolezich argued that the City's only legal interest in the property was based on its certificates of purchase from the 1987 scavenger sale and that the certificates were now "null and void" because of the running of the statutory time limit on February 28, 1990, for issuance of deeds to the City.

The City filed a response to Dolezich's petition to expunge and a motion to dismiss Dolezich's petition for tax deeds based on its right to redeem from the 1986 tax sale. On August 6 the trial judge ordered the cases scheduled for joint hearings on various motions filed by the parties.

In its order entered on September 24, the court found: (1) the City should have moved for an order tolling the time of limitation in section 271 within one year of the expiration of the period of redemption; (2) the tolling of the time limitation was not automatic under the facts of this case and should have been accomplished by a court order entered on or before February 28, 1990; (3) the court denied the motion to recognize tolling of the time limit; (4) the court declared the City's scavenger sale certificates and the sale on which it was based null and void without a right of reimbursement to the City; and (5) denied the City's petition for deed with prejudice. The City filed its petition for reconsideration. Thereafter at a subsequent court hearing on October 25, the court entered an order in which it repeated its earlier finding that the City failed to meet the statutory time limits for deed and that the City's interest in the properties expired on February 28, 1990. The October 25 order also found that on June 6, 1990, the date the City "purportedly redeemed Alice Dolezich's 1986 Annual Tax purchases" the City had no redeemable interest and therefore was a stranger to the title and found for this reason that "the redemptions were wholly illegal and void and had no legal effect." The judge ordered the purported redemptions expunged from the record and ordered the return of the deposited redemption funds of $2,128.26 and $1,591.59 returned to the City. The court denied the City's motion to dismiss the Dolezich petition for tax deed. Both or-

ders were made final and appealable by the addition of Rule 304(a) (134 Ill. 2d R. 304(a)) language.

Two weeks later, on November 8, the City recorded its certificates of purchase with the Cook County recorder of deeds. The recordation occurred less than three years after the original certificates of purchase were issued. The City then moved the court to reconsider the September 24 and October 25 orders contending that it had protected its lien right in the properties by recording the certificates within the three-year limit afforded to municipalities by section 271 of the Revenue Act. The trial court denied this motion and the City appealed.

The City conceded at oral arguments that it chose not to pursue what it believed to be the initial error of permitting the land to be sold to Dolezich when the City was holding newly acquired certificates of purchase. Instead, the City contends that the trial court erred when it blocked the City's efforts to obtain tax deeds on the parcels.

■ Under the Revenue Act of 1939, still in effect today, a property owner who fails to pay taxes on land shall have his property sold at auction with the purchaser receiving a certificate of purchase. The delinquent taxpayer then has a time period to redeem the property by paying taxes, interest and penalties. If no one has redeemed the property, the purchaser may petition the court, pursuant to section 266 of the Revenue Act, for an order requiring the county clerk to execute to the purchaser a tax deed in fee simple. Section 266 stated, in pertinent part:

> "If the time of redemption expires and the real estate has not been redeemed from the sale and all taxes and special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given and the petitioner has complied with all the provisions of law entitling him to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase of a certified copy of the order, to issue to the purchaser or his assignee a tax deed."

Ill. Rev. Stat. 1987, ch. 120, par. 747.

Section 271 of the Revenue Act sets out the time limits for issuance of a tax deed and the circumstances that toll the time limit. The overriding issue on appeal is the interpretation of section 271, which states, in pertinent part:

> "Unless the holder of the certificate for real estate purchased at any tax sale under this Act takes out the deed in the time provided by law, and files the same for record within one year

from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall from and after the expiration of such one year, be absolutely null and void with no right to reimbursement. If the holder of such certificate is prevented from obtaining such deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same, the time he or she is so prevented shall be excluded from computation of such time. Certificates of purchase and deeds executed by the clerk shall recite the qualifications required by this Section." Ill. Rev. Stat. 1989, ch. 120, par. 752.

This case requires us to interpret the language "refusal or inability to act." Our research indicates this is a case of first impression.

The City argues that the trial court erred in not dismissing Dolezich's petition for a deed after the City filed its objection to Dolezich's application contending it had redeemed the property and therefore no tax deed could be issued to Dolezich. (Ill. Rev. Stat. 1989, ch. 120, par. 747.) The City contends the court erroneously found the City had no right to redeem the properties because it failed in its effort to obtain tax deeds on the parcels within one year.

The City contends that it had sufficient interest in the property to redeem from the 1986 tax sale and that it complied with the requirements of section 266 when it paid all the money required to redeem within the time allowed. The City asks this court to decide whether section 271 of the Revenue Act prevents a tax purchaser who has filed a timely application for tax deed from receiving a deed simply because judicial proceedings on the application, through no fault of the purchaser, took more than one year.

The City contends that dismissal of its motion was in error because section 271 permits tolling of the one-year time limit because of "the refusal or inability of any court to act upon the application for a tax deed." The City argues that it was prevented from obtaining tax deeds on the property because of court hearings held to resolve competing interests in the property.

The City argues that Vinson's eight-month-long efforts to redeem the property from July 1989 to April 1990, and Dolezich's subsequent objection and her effort to obtain tax deeds on the property, prevented the court from acting on the City's application before the end of the one-year period on February 28, 1990. The City relies in its argument on the language of the statute and its statutory history but

admits that no previous cases have interpreted what procedural scenario would constitute the "refusal or inability of any court to act."

■ The genesis of section 271 is found in the 1872 Revenue Act, which permitted a county clerk to issue a deed within one year of the expiration of the redemption period, excluding any time where the clerk refused or was prevented from executing the deed. (1871 Ill. Laws 1.) The Revenue Act of 1939 retained this same language. 1939 Ill. Laws 984.

In 1951, the Act was modified to require the court, instead of the clerk, to perform a summary review and determine whether the requirements for issuance of a tax deed were met. (1951 Ill. Laws 943.) The language in section 271 was altered in 1965 to include the present language stating that the "refusal or inability of any court to act" tolls the one-year time period. 1965 Ill. Laws 1982.

The City contends that this 1965 modification was a recognition by the General Assembly that delays can occur even in the most summary of judicial proceedings and that those delays should not be charged to the petitioner. The City argues that it met its statutory time obligation when it filed its timely petition for a deed with the court.

In its reply brief, the City acknowledges findings in the 1991 case, *In re Application of Rosewell* (1991), 209 Ill. App. 3d 187, 568 N.E.2d 89 (commonly referred to as *Wolf*), in which the court briefly considered the language of section 271, recognizing that "refusal or inability" previously had not been interpreted by the courts. In *Wolf*, the person seeking a tax deed, Wolf, filed an application approximately one month after the redemption period had expired asking the circuit court to order the county clerk to issue a tax deed. Wolf then was left with 11 more months to obtain the tax deed. She did not pursue her application for deed for another 10 months, and on September 10, four days before the September 14 time limit expired, she proved up her petition for deed. On September 14 the court granted her petitions and ordered the issuance of the deed. When the tax deed finally was issued on September 21, it came seven days past the expiration of the one-year time limit.

Faced with losing the tax deed she had just obtained, Wolf's attorney filed an affidavit stating that he had been hired only one month before the expiration of the one-year time limit and that the trial judge was not sitting for 15 of those 30 days. The attorney contended that those 15 days, and the seven days it took the clerk to issue the deed, should toll the one-year time limit.

The appellate court noted that the attorney had worked on the case for only one month. "[A]lthough the statute speaks of the 'refusal or inability' of the court to act on an application for a tax deed, and the 'refusal' of the clerk to act on the court's order to issue a deed, it does not appear that respondent has encountered such difficulty here, but was merely faced with the ordinary delays incident to the processing of cases in the circuit court. Moreover, respondent fails to address why she did not even attempt to obtain a court order until the middle of August 1984, 11 months after the expiration of the statutory redemption period. Accordingly, we affirm the trial court's holding that respondent's tax deed was invalid for failure to comply with the pertinent statutory requirements." *Wolf,* 209 Ill. App. 3d at 190-91.

The City argues that the language in *Wolf* is *dictum* and that *Wolf* is distinguishable further on its facts because Wolf made no attempt to have her case heard until one month before the expiration of the one-year time limit and therefore did not diligently pursue her application for deed.

Dolezich argues that *Wolf* is controlling and supports the proposition that the court was "unwilling to consider Wolf's innocence in construing the court's and clerk's inability or refusal to act." Dolezich contends that the "inability to act" in the statute is "something more analogous to a court's lack of jurisdiction." Dolezich argues that it was the City's burden to present the necessary proofs to the court to enable the court to act, or establish on the record that it was being prevented from going forward.

Dolezich argues further that the City is not the innocent victim it wishes to portray itself as because nothing in the record indicates any objection on the City's part when its original hearing date was set at July 17, 1989, five months after the expiration of the redemption period. Dolezich argues that the record discloses no instances where the City objected to continuances, demanded a hearing or expressed concern about the running of the one-year limitation.

We do not find this case analogous to *Wolf,* where the petitioner sat idle until the last month before pursuing her application for tax deed. Here, the redemption period expired February 28, 1989. The City filed its petitions for tax deeds on October 2, 1988, well before the expiration of statutory time limits. On March 13, 1989, two weeks after the redemption period expired, the City filed applications for orders directing the county clerk to issue a tax deed. The petitions were set for hearing July 17, 1989, and 6½ months of the one-year period remained. The property owner Vinson objected to the issuance of the

tax deed on July 17, 1989, and memoranda in support of and against Vinson's challenge were filed. On December 5, 1989, three months before the one-year period expired, the trial court entered an order expunging Vinson's attempted redemption.

On January 3, 1990, still within the one-year period, Vinson, through additional counsel, moved the court for reconsideration. On February 16, 1990, the City moved the court for leave to complete prove up on the two tax deeds. The City explained that it had responded ready on four court dates, July 17, 1989, September 8, October 10, November 6 and December 5, but that the case was continued the first four dates at the request of or to accommodate Vinson. On March 12, 1990, the court ordered that Vinson's motion for reconsideration be set for a hearing March 21. On April 3 the court denied Vinson's motion for reconsideration and set the City's motion for completion of prove up for April 27. Dolezich filed an appearance as an objector on April 26 and thereafter the matter was continued from time to time by the court pending resolution of Dolezich's objection. We note that all of these matters were pending before the same trial judge, who was fully aware of all of the disputes among the parties.

Section 271 specifies time periods that are not to be included in that one-year calculation: "If the holder of such certificate is prevented from obtaining such deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same, the time he or she is so prevented shall be excluded from computation of such time." Ill. Rev. Stat. 1987, ch. 120, par. 752.

Dolezich's interpretation of the statute would render the words "shall be excluded from computation" meaningless. Every word of a statute should be given meaning. (*In re Marriage of Freeman* (1985), 106 Ill. 2d 290, 297-98, 478 N.E.2d 326.) Dolezich argues that the City should have "demanded a hearing date earlier than July 17, 1989," yet we note that this date was still 6½ months prior to the expiration of the one-year time limit.

While it is true that the record does not contain transcripts of all the court hearings involved, the City's February 16, 1990, motion does request leave to complete prove up and explains that four court dates were continued at Vinson's request or to accommodate Vinson. The statements in the motion were not challenged by Vinson or Dolezich and are unrefuted anywhere else in the record.

In his ruling, the judge stated: "The City of Chicago was not prevented from obtaining its tax deeds within one year from the expiration of the period of redemption by the refusal or inability of the

court to act upon its applications for tax deeds." But unanswered by Dolezich is how the court could have ordered issuance of a tax deed to the City when she and Vinson still were actively pursuing their respective challenges to the City's application for deed and their claims for a finding of ownership in fee simple.

■ We believe section 271 of the Revenue Act did not prevent the City as a tax purchaser filing a timely application for tax deed from receiving a deed simply because judicial proceedings on the application, including an unsuccessful effort to redeem by Vinson, took more than one year. The City actively pursued its right to title to the property and should not be penalized because the court properly refused to issue a tax deed until the interests of Vinson and Dolezich were determined and extinguished by the court.

The City also contests the trial court's ruling that the City's time to obtain tax deeds expired because the City failed to file a motion within the one-year period to invoke the tolling provisions of section 271. In denying the City's motion to reconsider, the trial judge ruled that the one-year time limit meant a calendar year unless the person seeking a tax deed filed a motion before the expiration of the year to explain why he qualified for one of the stated exceptions.

In his ruling, the trial judge stated: "The whole purpose of a tax buy, tax purchasing provisions of the Revenue Act is to give merchantable title to people, to enable people to put tax delinquent property back on the tax rolls so the County and the City can get increased revenue. If you are going to allow that to remain a cloud on title you are affecting the merchantability of those tax titles. *** You have to protect yourself *** or come in on a motion before the one-year statute is up to determine whether the exceptions do or do not apply." The court order read, in pertinent part, "The City of Chicago had the ability and should have moved for an order tolling the time of limitation *** within one year."

The City argues that the plain meaning of the statute "shall be excluded from the computation" makes no mention of any requirement to file a motion to toll the time period. The City contends that ordinary principles of statutory interpretation dictate a finding contrary to Dolezich's interpretation and the court's finding.

The City argues that the requirements imposed by the Revenue Act have not changed since 1872 except that the process was taken out of the hands of the clerk's office and put into the hands of the court. The one-year time limit was included in the language of the Revenue Act of 1872 when the clerk was responsible for issuing tax deeds. The City argues that no "motion" could have been possible to

toll the one-year period since the court was not a participant in the process under that early statutory construction.

The City contends that other statutory tolling provisions do not require a prior motion, *i.e.*, minors, persons under legal disability and imprisoned persons are permitted to bring an action within two years after the disability is removed. Ill. Rev. Stat. 1989, ch. 110, par. 13—211.

In addition, the City argues that no case authority exists for the trial judge's ruling requiring such an affirmative action on the part of the tax deed petitioner. The City contends that the statute of limitations is an affirmative defense and therefore use of this defense cannot arise until after the limitations period is over. *Cutsinger v. Cullinan* (1979), 72 Ill. App. 3d 527, 531-32, 391 N.E.2d 177.

In support of its position, the City cites *Davis v. American & Foreign Christian Union* (1881), 100 Ill. 313, 318-19, where the supreme court ruled that the circuit court wrongfully withheld a tax deed from a holder of a certificate of purchase after a deed was demanded timely from the master in chancery but wrongfully withheld. The court found the wrongful withholding of the deed sufficient to defeat the bar of the statute. *Davis*, 100 Ill. at 318-19.

Dolezich does not address the *Davis* case but contends that the holdings in three other cases support her view that pending litigation does not automatically toll a statute of limitations. (*First National Bank v. Kusper* (1983), 98 Ill. 2d 226, 233, 456 N.E.2d 7; *In re Application of Rosewell* (1989), 127 Ill. 2d 404, 537 N.E.2d 762; *Gage v. Parker* (1899), 178 Ill. 455, 53 N.E. 317.) These three cases, though informative, are factually distinguishable and do not address the question of whether the City has an affirmative duty to move that the statutory period be tolled.

We find the statute specifically provides for a one-year period, excluding certain times "computed" by the court. If Dolezich or Vinson had filed a motion alleging that the one-year time period had run, then the City could have argued in its defense that pending litigation tolled the statutory time period.

Though wisdom may dictate that the City make such a formal motion in the future to make a clear and strong record, we find nothing in the statute or in case law that compels the City to file a motion prior to the expiration of the one-year time period in order to inform the court that litigation still was pending before that very court—a fact of which the court was obviously aware.

In the alternative the City argues that even if this court finds it was not entitled to a tax deed, it was error for the court to expunge

the City's redemption of the 1986 taxes because the City protected its lien on the property by recording its certificates of purchase within three years of the date the certificates were issued, pursuant to section 271 of the Revenue Act. We need not decide this issue, since we have found the trial court improperly ruled on the tolling of the statute.

We conclude that the City diligently pursued its interest in the parcels. The City applied for tax deeds on the parcels two weeks after the expiration of the redemption period and obtained a July 17, 1990, prove up date. On that date and for the next eight months Vinson actively pursued his alleged redemption right to the parcels. We find that while competing interests in the parcel were unresolved and were being litigated, the court was unable legally to order tax deeds to issue and the statute was tolled. We find that the City was not required under the statute to make a formal motion to toll the limitations period and that its failure to make such a motion did not extinguish its rights under the certificate of purchase from the tax sale. Therefore, the trial court erred in holding that the City's interest in the parcels expired and became null and void on February 28, 1990, one calendar year after the expiration of the redemption period and that the court further erred in declaring the tax sale out of which the City's certificate of purchase arose to be null and void since the record is silent as to any challenge made as to the propriety of the sale itself.

We hold that the court erred in finding that the statutory time limits had not been tolled, in expunging the City's redemption from the 1986 tax sale, in dismissing the City's petition for tax deed with prejudice and in denying the City's motion to dismiss Dolezich's petition for tax deed for 1986 taxes. We reverse the trial court's orders of September 24 and October 25 and remand this case to trial court for further proceedings consistent with this opinion.

Judgment reversed and remanded.

EGAN, P.J., and RAKOWSKI, J., concur.