*In re* APPLICATION OF THE COUNTY TREASURER AND *ex officio* COUNTY COLLECTOR OF COOK COUNTY, ILLINOIS, For Judgment of Real Estate (Robert Bryant, Tax Deed Petitioner-Appellant, v. Benjamin Bowman *et al.*, Respondents and Objectors-Appellees).

First District (5th Division)   No. 1—98—0517

Opinion filed November 19, 1999.

182

James E. O'Neal, of Ottawa, for appellant.

Alan Meserow, of Chicago, for appellees.

JUSTICE QUINN delivered the opinion of the court:
Petitioner, Robert Bryant, purchased property through a scavenger tax sale and received certificates of purchase evidencing the sale. The period of redemption for previous owners expired on August 21, 1996. Petitioner had one year from the expiration of the redemption period to take out and record the tax deed on the parcel, thereby

obtaining title to the property. See 35 ILCS 200/22—85 (West 1994). The trial court granted petitioner's petition and application for tax deed on July 15, 1997. On September 10, 1997, petitioner filed a petition to toll the one-year period to take out and record the tax deed. The trial court denied petitioner's petition to toll. Subsequently, Banco Popular, as successor in interest to petitioner, filed a petition for order of possession, which the trial court also denied and from which petitioner appeals. Petitioner contends that a formal motion to toll is not a prerequisite to the applicability of the tolling provisions of section 22—85 of the Property Tax Code. 35 ILCS 200/22—85 (West 1994). Petitioner also contends that the trial court was unable to act within the meaning of the statute, thus tolling the period of time available for recording the tax deed. For the reasons that follow, we reverse.

On November 2, 1993, petitioner purchased property located at 1956 and 1958 West Washington Boulevard in Chicago at a tax sale. Petitioner filed two separate petitions for tax deed. The first petition for tax deed was filed on April 17, 1994. The redemption period on this first petition for tax deed was to expire on September 8, 1994. An affidavit from petitioner's attorney in support of the application for tax deed stated that five months before the redemption period was to expire, petitioner found that the property was improved with a church and that respondents, Reverend Benjamin Bowman and the Revival Center Church of God in Christ, were occupants or in actual possession of the property. A title search revealed that Chicago Title and Trust Company, the Winnetka Congregational Church, David D. Orr, the Revival Center Church of God in Christ, and Reverend Benjamin and Lolita Bowman were parties interested in the property. Petitioner filed an application for issuance of tax deed on September 16, 1994. A hearing was held on the application on October 17, 1994, at which time the matter was taken under advisement by the circuit court.

On October 21, 1994, respondents filed their appearance and objection to the issuance of the tax deed. On May 2, 1995, respondents filed an amended objection to the issuance of petitioner's tax deed, alleging that petitioner failed to serve them with proper notice. Petitioner filed a motion to strike and dismiss respondents' amended objection on June 8, 1995, which the trial court denied July 17, 1995.

On September 1, 1995, petitioner filed a petition to toll the one-year period to take out and record the tax deed. Petitioner specifically requested that the court enter an order excluding from computation of the one-year period the time from October 21, 1994, until the court made a ruling on the petition and application for tax deed and respondents' amended objection. On September 12, 1995, the court

184

granted petitioner's petition to toll the one-year period pursuant to section 22—85 of the Illinois Property Tax Code (35 ILCS 200/22—85 (West 1994)), until the petition and application for tax deed along with respondents' objections were adjudicated.

On February 27, 1996, petitioner filed a motion for a hearing to set a trial date on respondents' amended objection to petitioner's petition and application for tax deed. The matter was set for trial on March 18, 1996. On March 11, 1996, petitioner filed a motion to reschedule the trial date for March 22, 1996. The trial court dismissed respondents' amended objection for want of prosecution on March 18, 1996, and continued the cause to April 8, 1996, for proof of payment of taxes.

On April 3, 1996, respondents filed a second amended objection to petitioner's petition and application for tax deed and filed a motion for trial date. Trial on respondents' objection was set for April 11, 1996.

On April 11, 1996, the trial court granted respondents' second amended objection and denied petitioner's petition and application for tax deed, finding that because the property was commercial, it was entitled to a two-year redemption period. The trial court granted respondents leave to extend the period of redemption to August 21, 1996, and granted petitioner leave to file an amended petition and second application for tax deed.

Petitioner filed an amended petition for tax deed on April 12, 1996. On August 27, 1996, after the extended period of redemption expired without respondents' redeeming the property, petitioner filed a second application for an order directing the county clerk to issue a tax deed and "maintain petitioner as grantee in possession of said real estate." This application and the amended petition for tax deed were assigned to Judge James Henry on August 30, 1996.

On October 17, 1996, respondents filed an objection to petitioner's amended petition and second application for tax deed, arguing that petitioner failed to strictly comply with the Property Tax Code (35 ILCS 200/22—10 (West 1994)), by failing to serve the owner and occupant of the property with requisite notice. Respondents further argued that petitioner's notice failed to set forth the correct redemption period expiration date. Respondents also filed a motion to secure a copy of the report of proceedings that occurred on September 17, 1996, in support of the amended petition and second application for tax deed. The court found that it was respondents' duty to obtain the transcript at their own cost.

Petitioner filed a reply to respondents' objection to petitioner's amended petition and second application for tax deed on November 6, 1996. Respondents filed an amended motion for additional time to

reply on November 21, 1996. On November 25, 1996, the trial court ordered that the trial date of November 27, 1996, be stricken.

On January 7, 1997, the trial court gave petitioner leave to file a transcript of the September 17, 1996, prove-up hearing. On February 20, 1997, the court set a hearing date of March 26, 1997. On March 26, 1997, on the court's own motion, the cause was continued to April 3, 1997.

On April 3, 1997, the court denied respondents' objection to petitioner's amended petition and application for tax deed. On April 16, 1997, pursuant to petitioner's motion, the court continued the matter to April 30, 1997.

On April 28, 1997, respondents filed a motion for reconsideration of the April 3, 1997, order denying respondents' objection, which the trial court denied on June 26, 1997.

The trial court granted petitioner's amended petition and second application for tax deed on July 15, 1997, and included the following language in its order pursuant to Supreme Court Rule 304(a) (134 Ill. 2d R. 304(a)): "[T]he court expressly finds that there is no just reason for delaying the enforcement of this order or the right of appeal therefrom."

On September 10, 1997, petitioner filed a petition to toll the one-year period to take out and record the tax deed, alleging that since October 17, 1996, petitioner was prevented from taking out and recording the tax deed. Petitioner further alleged that he would be unfairly prejudiced if the court failed to exclude from the one-year period after the redemption period expiration date the time from the filing of respondents' objection until the court's ruling on the objection.

On October 17, 1997, respondents filed a response to petitioner's petition to toll, arguing that the trial court order of July 15, 1997, granting petitioner issuance of the tax deed, was a final order terminating the litigation between the parties. Respondents argued that as of August 15, 1997, 30 days after entry of the final order, the trial court no longer had jurisdiction to modify or supplement its order and because petitioner failed to take out and record the tax deed within one year of the redemption expiration date of August 21, 1996, the tax deed and certificate upon which it was based were null and void without right of reimbursement under section 22—85 of the Illinois Property Tax Code.

Petitioner filed a reply and argued that because respondents filed an objection to petitioner's amended petition and second application for tax deed and the trial court did not rule on respondents' objections until July 15, 1997, petitioner was unable during that time period to act upon the application for tax deed, citing *In re Application of the*

*County Treasurer & ex officio County Collector of Cook County for Order of Judgment & Sale of Lands & Lots Upon Which All or a Part of the General Taxes for Five or More Years are Delinquent*, 225 Ill. App. 3d 349, 587 N.E.2d 1232 (1992) (hereafter *In re Application*), as authority for his position. Petitioner also characterized his petition to toll as a request for a declaratory or supplementary order pursuant to section 2—701 of the Code of Civil Procedure (735 ILCS 5/2—701 (West 1994)), rather than a motion to modify or amend judgment pursuant to section 2—1401 of the Code of Civil Procedure (725 ILCS 5/2—1401 (West 1994)).

On October 31, 1997, the court denied petitioner's petition to toll and specifically found that *In re Application* was not controlling. On November 3, 1997, Banco Popular filed an order of possession as successor in interest to petitioner, alleging that after petitioner filed an order directing the county clerk to issue the tax deed, one was issued to petitioner and that it was duly recorded. Thereafter, petitioner conveyed the property to Banco Popular. Respondents again argued that the court lacked jurisdiction and, in the alternative, argued that petitioner was not entitled to possession.

On January 15, 1998, the trial court denied the order of possession. The court found that the tax deed was not recorded within one year of the redemption period expiration date as required by section 22—85 of the Illinois Property Tax Code. As a result, the underlying certificate of purchase upon which the tax deed was based became absolutely void with no right to reimbursement as of August 22, 1997, which was one year from the lapse of the last redemption expiration date.

Petitioner filed a timely amended notice of appeal on February 10, 1998, appealing "from the Order of January 15, 1998, denying the Petition for Order of Possession of Tax Deed Petition, and determining that the Tax Deed dated July 14, 1997, and the Certificate of Purchase underlying said Tax Deed were absolutely void with no right of reimbursement as of August 22, 1997."

We initially address respondents' contentions regarding whether this court has jurisdiction over the appeal. Respondents assert that petitioner's appeal is defective because Robert Bryant, as named petitioner, conveyed any and all interest in the property to Banco Popular. Thus, respondents argue, the proper party to bring this appeal is Banco Popular, not petitioner Robert Bryant. In a related argument, respondents assert that petitioner's appeal is defective because on February 9, 1998, petitioner's attorney filed an appearance on behalf of "Robert Bryant" despite evidence that Robert Bryant conveyed his interest in the property to Banco Popular as successor in interest.

■ Respondents have failed to cite any authority for their assertions other than citations to the record indicating Banco Popular's order of possession as successor in interest and the appearance filed by petitioner's attorney. A court of review is entitled to have issues clearly defined with pertinent citations to authority; arguments inadequately presented on appeal are waived. 155 Ill. 2d R. 341(e)(7); *Holmstrom v. Kunis*, 221 Ill. App. 3d 317, 325, 581 N.E.2d 877 (1991). Therefore, respondents' contentions are waived on appeal.

Respondents further assert that petitioner's appeal is defective because on September 10, 1997, the date petitioner filed the petition to toll, the trial court no longer had jurisdiction over the matter because 30 days had passed since final judgment had been entered.

■ As a general rule, a court loses the power to review its judgments after the passage of 30 days. *Universal Outdoor, Inc. v. City of Des Plaines*, 236 Ill. App. 3d 75, 80, 603 N.E.2d 585 (1992). "[A] trial court loses jurisdiction over a matter once 30 days have passed if during that time neither party takes any 'legally proper action,' such as the filing of a post-judgment motion, which delays the running of the 30-day period, or the filing of a notice of appeal." *In re Application of the County Collector*, 281 Ill. App. 3d 467, 477-78, 667 N.E.2d 109 (1996).

Petitioner argued in his reply to respondents' response to the petition to toll that the petition to toll was a request for declaratory relief and did not seek to vacate, amend or modify the judgment entered on July 15, 1997. Petitioner specifically argued that because section 22—85 states that the time in which a petitioner is prevented from obtaining a tax deed shall be excluded from computation of the one-year period to take out and record a tax deed, petitioner's petition to toll simply sought a declaration of petitioner's rights.

■ "Declaratory judgments are designed to settle and fix the rights of the parties before there has been an irrevocable change in their positions in disregard of their respective claims of right, and the procedure should be used to afford security and relief against uncertainty with a view to avoiding litigation, not toward aiding it." *Lihosit v. State Farm Mutual Automobile Insurance Co.*, 264 Ill. App. 3d 576, 580, 636 N.E.2d 625 (1993). Although declaratory judgments should be applied liberally (*Drayson v. Wolff*, 277 Ill. App. 3d 975, 979, 661 N.E.2d 486 (1996)), section 2—701 of the Code of Civil Procedure (735 ILCS 5/2—701 (West 1994)) requires that there be an actual controversy and that the party seeking relief have a tangible, legal interest in that controversy. *Drayson*, 277 Ill. App. 3d at 979. A declaratory judgment action is an appropriate method of obtaining an adjudication of the construction or interpretation of a statute. *Board of Trustees of*

*the Addison Fire Protection District No. 1 Pension Fund v. Stamp,* 241 Ill. App. 3d 873, 881, 608 N.E.2d 1274 (1993).

■ Applying liberal rules of construction to the circumstances of this case, we hold that petitioner's petition to toll could be characterized as a motion for declaratory judgment. Petitioner sought a declaration that, based on section 22—85 of the Illinois Property Tax Code, he was entitled to have the time period from the day respondents filed their objection, October 17, 1996, until July 15, 1997, excluded from the computation of the time to take out and record a tax deed because under the statute, he was "prevented from obtaining a deed by injunction or order of any court, or by the refusal or inability of any court to act upon the application for a tax deed." 35 ILCS 200/22—85 (West 1994). In denying the petition to toll, the trial court implicitly found that, under the circumstances of petitioner's case, the court did not prevent petitioner from obtaining the tax deed within the statutory time period. Therefore, we hold that petitioner's petition to toll and the court's ruling were declaratory in nature.

■ ■ We now examine the merits of the appeal. We first address petitioner's contention that the trial court was unable to act within the meaning of the statute, thus tolling the time period available for recording the tax deed. Pursuant to section 22—40 of the Illinois Property Tax Code, a purchaser may petition the court for an order requiring the county clerk to issue a tax deed to the purchaser. Section 22—40 provides in pertinent part:

> "If the redemption period expires and the property has not been redeemed and all taxes and special assessments which became due and payable subsequent to the sale have been paid and all forfeitures and sales which occur subsequent to the sale have been redeemed and the notices required by law have been given \*\*\* and the petitioner has complied with all the provisions of law entitling him or her to a deed, the court shall so find and shall enter an order directing the county clerk on the production of the certificate of purchase and a certified copy of the order, to issue to the purchaser or his or her assignee a tax deed." 35 ILCS 200/22—40 (West 1994).

Section 22—85, which is the subject of this appeal, sets forth the time limits for the issuance of a tax deed and the circumstances under which the time limit is tolled. Section 22—85 states in pertinent part:

> "Unless the holder of the certificate purchased at any tax sale under this Code takes out the deed in the time provided by law, and records the same within one year from and after the time for redemption expires, the certificate or deed, and the sale on which it is based, shall, after the expiration of the one year period, be absolutely void with no right to reimbursement. If the holder of the certificate is prevented from obtaining a deed by injunction or or-

der of any court, or by the refusal or inability of any court to act upon the application for a tax deed, or by the refusal of the clerk to execute the same deed, the time he or she is so prevented shall be excluded from computation of the one year period. Certificates of purchase and deeds executed by the clerk shall recite the qualifications required in this Section." 35 ILCS 200/22—85 (West 1994).

Although the trial court found *In re Application*, 225 Ill. App. 3d 349, 587 N.E.2d 1232, not controlling in this case, we find it to be dispositive of the issues in this case. In *In re Application*, two parcels of property were sold at a tax sale to Cook County in 1988, which later assigned its certificates of purchase to the City of Chicago. Later that same year, the property was sold again for delinquent taxes to Alice Dolezich. Both Dolezich and the City of Chicago petitioned for tax deeds. In December 1989, three months before the one-year statutory time limit expired, the trial court granted the city's motion for an order directing the county clerk to issue tax deeds on the parcels. On January 3, 1990, Reverend Daniel Vinson, the record owner, moved the court for reconsideration. On February 16, 1990, the city moved for leave to complete prove up on the two tax deeds. On April 3, 1990, after the one-year time limit from the expiration of the redemption period expired, the court denied Vinson's motion for reconsideration and granted the city's motion for prove up.

On April 26, 1990, Dolezich's attorney filed an appearance as an objector. Subsequently, the city filed a motion asking the court for an order tolling the one-year limitations period. At a consolidated hearing on the city's case and Dolezich's case, the court denied a motion by the city to toll the statutory one-year limit on obtaining a tax deed. The court found that the one-year time limit from the expiration of the redemption period had expired on February 28, 1990, and dismissed the city's petition for a tax deed. The court also found that tolling of the time limitation was not automatic. Subsequently, the trial court also denied the city's motion for reconsideration from which the city appealed. *In re Application*, 225 Ill. App. 3d at 350.

At the time of the appeal, Dolezich's petition for tax deed was still pending and the court tolled the one-year limitations period until further order of the court. On appeal, the city raised the following issues: (1) whether section 22—85 of the Illinois Property Tax Code prevented the city as tax purchaser from receiving the tax deeds after timely filing applications for tax deeds because judicial proceedings took more than a year through no fault of the city; and (2) whether a tax purchaser must file a motion to invoke the tolling provisions of section 22—85 for periods of time the court is unable or unwilling to act on the application for tax deed.

The city argued that it was prevented from obtaining tax deeds on the property because of court hearings held to resolve competing interests in the property. In reversing the trial court decision, this court found that the city filed its petitions for tax deeds on October 2, 1988, which was well before the expiration of statutory time limits, and filed its applications for orders directing the county clerk to issue tax deeds two weeks after the redemption period expired. This court further emphasized that the circuit court could not have issued a tax deed to the city when Dolezich and Vinson were still actively pursuing their respective challenges to the city's application for a tax deed. This court held that the city "actively pursued its right to title to the property and should not be penalized because the court properly refused to issue a tax deed until the interests of Vinson and Dolezich were determined and extinguished by the court." *In re Application*, 225 Ill. App. 3d at 359. The court further held that section 22—85 did not require the city to file a motion prior to the expiration of the one-year time period in order to inform the court that litigation was still pending before the court. *In re Application*, 225 Ill. App. 3d at 360.

*In re Application* is analogous to the case at bar. Here, petitioner argues that because respondents challenged petitioner's tax deed petition and application for an additional 10 months after the redemption period had expired, the court was prevented from acting on petitioner's application for an order directing issuance of the tax deed until 11 months after the period of redemption expired. We agree. The redemption period expired on August 21, 1996. Petitioner filed an amended petition for tax deed on April 12, 1996, and a second application for tax deed on August 27, 1996. Respondents filed an objection to petitioner's amended petition and application for tax deed on October 17, 1996. The trial court denied respondents' motion for reconsideration of the objection on June 26, 1997. In our view, we fail to see how the court could have ordered the issuance of a tax deed when respondents continued to challenge the petition and application for tax deed. Thus, we hold that due to the respondents' objection and the litigation between the parties following the filing of the objection, the court was unable to act within the meaning of section 22—85. Accordingly, the period from the date respondents' objection was filed (October 17, 1996) until the denial of respondents' motion for reconsideration of the objection (June 26, 1997) shall be excluded from the computation of the one-year period following the expiration of the redemption period. The fact that petitioner had from July 15, 1997, to August 21, 1997, to take out and record the tax deed and failed to do so does not change this analysis. By excluding the eight-month and nine-day period during which the court was unable to act, petitioner

had until April 30, 1998, to comply with the requirements of section 22—85.

We next address petitioner's contention that he was not required to file a motion to invoke the tolling provisions of section 22—85 within the one-year period after the expiration of the redemption period. Respondents maintain that section 22—85 must provide for a formal motion to be filed, otherwise, parties would not be placed on notice regarding the lapse of the one-year period following the expiration of the redemption period.

■ In analyzing the statute, we must first examine the statutory language as a whole, considering each section in connection with every other section of a given statute. *In re Petition to Annex Certain Territory*, 144 Ill. 2d 353, 362, 579 N.E.2d 880 (1991). Each word, clause, and section of a statute should be attributed some reasonable meaning. *Roser v. Anderson*, 222 Ill. App. 3d 1071, 1075, 584 N.E.2d 865 (1991), *appeal denied*, 144 Ill. 2d 643 (1992).

In applying the rules of statutory construction to section 22—85, we find that nothing in the statute required petitioner to file a formal motion to toll prior to the expiration of the one-year time limit to inform the court that litigation between the parties was still pending. *In re Application*, 225 Ill. App. 3d at 360.

Of course, the better practice would be for the petitioner in such cases to file a motion to toll. Indeed, in the instant case, petitioner filed such a motion while the first petition and application for tax deed were pending. This motion was granted. When petitioner filed a second application for tax deed and his amended petition before a different judge, he did not file a new motion to toll. A motion to toll in this circumstance really only informs the court that litigation still was pending before that very court—a fact of which the court was obviously aware.

Based on the foregoing reasons, we hold that the trial court erred in finding that the statutory time limit had not been tolled. We reverse the order of the trial court and remand the cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

BUCKLEY and ZWICK, JJ., concur.