FIFTH DIVISION
 AUGUST 2, 2002

No. 1-01-3279

In re APPLICATION OF THE COUNTY TREASURER ) APPEAL FROM THE
AND ex officio COUNTY COLLECTOR OF COOK ) CIRCUIT COURT
COUNTY, ILLINOIS, FOR ORDER AND JUDGMENT ) OF COOK COUNTY.
AND SALE OF LAND AND LOTS RETURNED )
DELINQUENT FOR THE NON-PAYMENT OF )
GENERAL REAL ESTATE TAXES FOR THE YEAR )
1996 AND PRIOR YEARS ) No. 99 CoTD 3702
 )
(JEROME SIRT, )
 Petitioner-Appellant, )
 )
v. )
 ) HONORABLE
GB PROPERTY MANAGEMENT, INC., ) ALFRED J. PAUL,
 Respondent-Appellee). ) JUDGE PRESIDING.

 PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:
 Petitioner Jerome Sirt appeals an order of the circuit court of Cook
County declaring the court's prior order directing the issuance of a tax
deed, and the resulting tax deed, void and of no legal effect. The trial
court's order was entered upon the motion of respondent GB Property
Management, Inc. (GB).
 The record on appeal discloses the following facts. On September 21,
1999, TLC Acquisitions, Inc. (TLC) filed a petition for a tax deed
regarding a parcel in Cook County, Illinois, with the permanent index
number 16-21-308-009-0000. In the petition, TLC alleged that the parcel
was sold by the Cook County treasurer at the annual tax sale held on
January 10, 1997. TLC also alleged that it was issued a certificate of
purchase and that the redemption period would expire on January 10, 2000.
 On February 1, 2000, TLC applied for an order directing the county
clerk to issue a tax deed. The record on appeal contains a notarized
affidavit in support of TLC's application by Wendy A. Williams, who the
record shows was TLC's attorney. The Williams affidavit listed R.A.M.
Recovery as an occupant or an entity in actual possession of the property.
The Williams affidavit listed GB, among others, as a party with an interest
in the property. The Williams affidavit also listed GB as a party that
could not be located upon diligent inquiry and, thus, was served by
publication and certified mail to the last known address.
 On July 24, 2000, Sirt moved to be substituted as the petitioner,
alleging that he was the assignee of all title and interest in the
certificate of purchase. Although Sirt does not identify an order or entry
in the record granting this motion, the transcript of proceedings shows
that the trial court granted this motion on August 8, 2000. At the August
8, 2000, hearing, Louis Bergmann, a supervisor of the due diligence
department for TLC, testified that the street address of the parcel at
issue was 1941 S. 54th Avenue, in Cicero, Illinois. Bergmann also
testified that the lot was used to store towed automobiles. According to
Bergmann, a sign indicated that the name of the business was R.A.M.
Recovery. Bergmann stated that he asked a R.A.M. Recovery employee who
managed the property; the employee replied that the property was managed by
GB. During the same hearing, Sirt's attorney asserted that GB had no
interest of record in the property. The trial court entered an order on
September 6, 2000, directing the issuance of a tax deed to Sirt.
 On October 6, 2000, respondent GB filed a motion to vacate, for
rehearing or other relief. GB alleged that it was the "manager and rent
collector" when the trial court entered the order directing the issuance of
a tax deed. GB asserted in part that the tax deed was void because it was
not recorded within one year from the expiration of the redemption date.
GB alleged that extensions of the redemption period were filed with the
county clerk on a number of occasions, including July 13, 1998. GB
attached a "Notice of Extension of Period of Redemption," received by the
county clerk on July 13, 1998, with an extended expiration date of October
30, 1998, to the motion. GB alleged that the next such notice was received
by the county clerk on December 7, 1998, and attached said notice to the
motion also. GB also alleged that no notice for the period between October
30, 1998, and December 7, 1998, was tendered to the court at the prove-up
hearing on the petition. GB further alleged that no such extension was on
record with the county clerk. Thus, GB argued that the extended redemption
period expired on October 30, 1998, and that the tax deed was void because
Sirt failed to petition to obtain the tax deed within the times specified
in the Property Tax Code (Code) (35 ILCS 200/1-1 (West 1998).
 On March 6, 2001, Sirt answered GB's motion. Sirt denied that GB had
authority to manage or collect rent on the property, but admitted that the
extended redemption period expired on October 30, 1998. Sirt asserted that
GB lacked standing to challenge the issuance of the tax deed because it had
no real interest in the action. Sirt attached a number of documents to its
answer, including correspondence with R.A.M. Recovery regarding liability
insurance, certificates of insurance showing R.A.M. Recovery as the
insured and GB as the certificate holder, and copies of numerous checks
drafted by R.A.M. Recovery to the order of GB.
 On June 20, 2001, following a hearing on the matter, the trial court
entered an order declaring its September 6, 2000, order, directing the
issuance of a tax deed, void and of no legal effect. The order also
declared that the tax deed issued to Sirt for the property was also void
and of no legal effect. The trial court found no just reason to delay
enforcement or appeal of the order.
 On July 19, 2001, Sirt filed a motion for reconsideration. Sirt
sought to have the June 20, 2001, order vacated or, in the alternative, a
ruling that Sirt was entitled to the amount necessary to redeem the
property or a refund of the purchase price under the Property Tax Code.
The trial court denied the motion to reconsider on August 8, 2001; Sirt now
appeals.
 I
 On appeal, Sirt renews his argument that GB lacked standing to file a
motion to vacate the order for a tax deed. The essence of the standing
inquiry is not the subject matter per se, but whether a litigant, either in
an individual or representative capacity, is entitled to have the court
decide the merits of a particular dispute or issue. See In re Estate of
Wellman, 174 Ill. 2d 335, 345, 673 N.E.2d 272, 276 (1996). Standing in
Illinois requires only some injury in fact to a legally cognizable
interest. Greer v. Illinois Housing Development Authority, 122 Ill. 2d
462, 492, 524 N.E.2d 561, 574-75 (1988).
 In this case, the order appealed from does not simply vacate the
trial court's prior order, but declares that the prior order, and the tax
deed issued pursuant to that order, are void. Courts have a duty to vacate
and expunge void orders from court records and thus may sua sponte declare
an order void. E.g., Twardowski v. Holiday Hospitality Franchising, Inc.,
321 Ill. App. 3d 509, 511, 748 N.E.2d 222, 226 (2001). The issue of
whether GB had standing, or the right to redeem the property, is beside the
point.[1] The transcript of proceedings for August 8, 2001, shows that the
trial court's decision was based on the rule that it had the power to
expunge a void order sua sponte. The trial court did not err in this
regard.
 II
 Sirt next contends that the trial court did not lose jurisdiction to
enter an order directing the issuance of a tax deed. However, the issue in
this case was not whether the order and the tax deed were void for lack of
jurisdiction. To the contrary, GB's motion to vacate expressly argued that
the trial court had jurisdiction, but that the deed, and the sale on which
it was based, were void under the relevant provisions of the Code.
 Section 22-85 of the Code provides in part as follows:
 "Unless the holder of the certificate purchased at any tax sale
 under this Code takes out the deed in the time provided by law,
 and records the same within one year from and after the time for
 redemption expires, the certificate or deed, and the sale on
 which it is based, shall, after the expiration of the one year
 period, be absolutely void with no right to reimbursement. If
 the holder of the certificate is prevented from obtaining a deed
 by injunction or order of any court, or by the refusal or
 inability of any court to act upon the application for a tax
 deed, or by the refusal of the clerk to execute the same deed,
 the time he or she is so prevented shall be excluded from
 computation of the one year period." (Emphasis added.) 35 ILCS
 200/22-85 (West 1998).
Thus, the analysis must begin with the question of when the redemption
period expired.
 In this case, the tax sale purchaser extended the redemption period
on a number of occasions, pursuant to section 21-385 of the Code, which
provides as follows:
 "The purchaser or his or her assignee of property sold for
 nonpayment of general taxes or special assessments may extend
 the period of redemption at any time before the expiration of
 the original period of redemption, or thereafter prior to the
 expiration of any extended period of redemption, for a period
 which will expire not later than 3 years from the date of sale,
 by filing with the county clerk of the county in which the
 property is located a written notice to that effect describing
 the property, stating the date of the sale and specifying the
 extended period of redemption. If prior to the expiration of
 the period of redemption or extended period of redemption a
 petition for tax deed has been filed under Section 22-30, upon
 application of the petitioner, the court shall allow the
 purchaser or his or her assignee to extend the period of
 redemption after expiration of the original period or any
 extended period of redemption, provided that any extension
 allowed will expire not later than 3 years from the date of
 sale. If the period of redemption is extended, the purchaser or
 his or her assignee must give the notices provided for in
 Section 22-10 at the specified times prior to the expiration of
 the extended period of redemption by causing a sheriff (or if he
 or she is disqualified, a coroner) of the county in which the
 property, or any part thereof, is located to serve the notices
 as provided in Section 22-15 and 22-20. The notices may also be
 served as provided in Sections 22-15 and 22-20 by a special
 process server appointed by the court under Section 22-15." 35
 ILCS 200/21-385 (West 1998).
Section 21-385 clearly requires that any extension be made prior to the
expiration of the original or extended redemption period. "[T]he primary
purpose of the tax sales provisions of the Property Tax Code is to coerce
tax delinquent property owners to pay their taxes, not to assist tax
petitioners in depriving the true owners of their property." In re
Application of the County Collector, 295 Ill. App. 3d 703, 710, 692 N.E.2d
1211, 1216 (1998).
 In this case, Sirt admits there is a gap between the "Notice of
Extension of Period of Redemption," received by the county clerk on July
13, 1998, with an extended expiration date of October 30, 1998, and the
next such notice received by the county clerk on December 7, 1998. Sirt
cites no authority for the proposition that the latter was validly filed
with the county clerk. Nor can Sirt show that he timely took out or
recorded the deed within a year from the expiration of the extended
redemption period on October 30, 1998. Nor has Sirt shown that there was
some legal excuse for the gap between October 30 and December 7, 1998.
 Sirt argues that the statutory period could be tolled, citing In re
Application of the County Treasurer & ex officio County Collector, 309 Ill.
App. 3d 181, 721 N.E.2d 745 (1999) (Bowman), and In re Application of the
County Treasurer & ex officio County Collector of Cook County for Order of
Judgment & Sale of Lands and Lots upon which All or a Part of the General
Taxes for Five or More Years are Delinquent, 225 Ill. App. 3d 349, 587
N.E.2d 1232 (1992) (City of Chicago). Both cases held that the tolling
provisions of section 22-85 applied where there were ongoing proceedings
that precluded the issuance of a tax deed within the prescribed time
period. In City of Chicago, this court distinguished In re Application of
Rosewell, 209 Ill. App. 3d 187, 190-91, 568 N.E.2d 89, 91 (1991), which
held that the statutory period was not tolled where the petitioner "was
merely faced with the ordinary delays incident to the processing of cases
in the circuit court" and had waited until the last month of the year
following the expiration of the redemption period.
 In this case, the holder of the certificate was not prevented from
obtaining a deed by injunction or order of any court, or by the refusal or
inability of any court to act upon the application for a tax deed. To the
contrary, the record shows that the petition was filed on September 21,
1999--22 days before the expiration of the one year period specified in
section 22-85. Sirt has not shown that the proceedings on his petition
were delayed by the filing of an objection in the first instance.
Accordingly, this case more closely resembles Wolf than Bowman or City of
Chicago.
 Furthermore, the trial court entered the order directing the issuance
of a tax deed on September 6, 2000. GB moved to vacate on October 6, 2000.
 Sirt's motion to vacate or reconsider the order now on appeal states that
the tax deed was recorded on October 10, 2000. Thus, even if this court
were to assume arguendo that the rule of Bowman and City of Chicago should
extend to uncontested proceedings, such that the period between the filing
of the petition and the order directing the issuance of a tax deed was
tolled, the record shows that Sirt failed to record his tax deed within the
time provided by law, which he would have been able to do prior to the
filing of GB's motion.
 In sum, Sirt has failed to show that the trial court erred in this
regard.
 III
 Sirt contends in the alternative that the trial court's order should
have required that he be reimbursed pursuant to section 22-80 of the Code,
which provides in part as follows:
 "Any order of court vacating an order directing the county
 clerk to issue a tax deed based upon a finding that the property
 was not subject to taxation or special assessment, or that the
 taxes or special assessments had been paid prior to the sale of
 the property, or that the tax sale was otherwise void, shall
 declare the tax sale to be a sale in error pursuant to Section
 21-310 of this Act. The order shall direct the county collector
 to refund to the tax deed grantee or his or her successors and
 assigns (or, if a tax deed has not yet issued, the holder of the
 certificate) the following amounts ***." 35 ILCS 200/22-80
 (West 1998).
However, in cases involving the predecessor statutes to those at issue
here, Illinois courts have routinely held that there is no right to
reimbursement where the purchaser fails to timely take out and register the
deed, because the language now found in section 22-85 is more specific than
the language now found in section 22-80. E.g., In re Application of
Rosewell, 209 Ill. App. 3d 187, 190-92, 568 N.E.2d 89, 91-92 (1991). Thus,
Sirt's argument fails.
 IV
 Finally, Sirt contends in the alternative that the trial court's
order should have required that he be reimbursed pursuant to section 22-50
of the Code, which provides as follows:
 "If the court refuses to enter an order directing the
 county clerk to execute and deliver the tax deed, because of the
 failure of the purchaser to fulfill any of the above provisions,
 and if the purchaser, or his or her assignee has made a bona
 fide attempt to comply with the statutory requirements for the
 issuance of the tax deed, it shall order the return of the
 purchase price forthwith, as in case of sales in error, except
 that no interest shall be paid on the purchase price." 35 ILCS
 200/22-50 (West 1998).
However, in this case, the trial court did not refuse to enter an order
directing the county clerk to execute and deliver the tax deed. Section 22-
85 of the Code is not a provision "above" section 22-50. Moreover, section
22-85 is controlling because it is more specific than section 22-50. See
In re Application of Rosewell, 209 Ill. App. 3d at 190-92, 568 N.E.2d at 91-
92. Nor has Sirt pointed to evidence showing that there was a bona fide
attempt to comply with section 21-385 regarding the redemption period that
expired on October 30, 1998.
 For all of the aforementioned reasons, the order of the circuit court
of Cook County is affirmed.
 Affirmed.
 GREIMAN and QUINN, JJ., concur.
-----------------------

 [1] We note, however, that "it is plain that a party may redeem on
behalf of the owner even where the party lacks any interest in the
property, lacks explicit authorization from the owner, or tenders his own
money without the assurance of reimbursement. Also, the mere fact that the
party redeems out of his own economic interest does not mean he does not do
so on the owner's behalf as well. The relationship between the owner and
the redeemer may be such that a valid redemption promotes both their
interests." In re Application of the County Treasurer & ex officio County
Collector, 301 Ill. App. 3d 672, 679, 704 N.E.2d 910, 914 (1998).